Murch *v.* Moore.

GEORGE H. MURCH, Appellant, *v.* JAMES M. MOORE and C. C. MILLER, Respondents.

*Appeal from Washington County.*

1. A domestic judgment does not fall within the statute prescribing ten years as a limitation upon judgments in United States courts, etc.
2. Upon the Statutes of Oregon it is in the power of a judgment creditor to keep his judgment alive until payment thereof is made.

JUDGMENT was rendered against the defendants in November, 1853, for $725, in the District Court of the United States for Washington county, and in April, 1865, the plaintiff filed his motion under the statute for leave to issue execution for the amount then due upon the judgment. Notice was duly served upon the defendants, who filed their objections, alleging:

1st. That payment had been made.

2d. That the proceeding was barred by the statutes of limitation.

It was admitted that a payment had been made in 1854 of $406.50, but denied that the proceeding was barred by the statutes of limitation. The cause was submitted to the court upon the question of limitation under the statute, and decided in the affirmative. That disposed of the case, and an appeal was taken to this court.

*W. C. Johnson, Esq.,* for appellant.

STRATTON, J. Does this judgment fall within the meaning of section five of the Code, which provides as follows?

" Actions to be commenced within ten years: 1. An action upon a judgment or decree of any court of the United States, or of any State or territory, within the United States." We think it does not. A judgment in this State is effected for two purposes: 1st. As the subject to support an execution within five years from its rendition; and, 2d. As a lien upon real estate for ten years. Upon the expiration of five years, a method is provided by which an execution may issue by leave of the court. The proceeding, in effect, is strictly analogous to the common law writ of *scieri facias*. Section 292 of the Code provides that if an execution has not been issued upon a judgment for ten years, the lien thereof shall expire; but if leave is afterwards given, as provided in section 267, " from the date of docketing such order or a transcript thereof, the lien of the judgment shall begin anew, and continue in all respects as upon the first docketing the same." Under the provisions of these two sections of the Statutes of the State of Oregon, it is in the power of the judgment creditor to keep his judgment alive until it is discharged by payment, be that period long or short.

Judgment reversed.