EBEN M. KNIGHT, *Adm'r*, *versus* SANDERS MACOMBER.

R. S., c. 81, § 112, does not make the expiration of twenty years a bar to a suit upon a judgment; such a lapse simply creates a presumption of payment, which may be rebutted.

Evidence that three executions upon the judgment in suit were returned in no part satisfied, — that the debtor, upon demand of payment, replied he had no property and could not make payment; that, at about the time of the rendition of the judgment, he put his property, real and personal, out of his hands, and claimed not to be the owner of any property since, and his continued reputation of insolvency, is sufficient to repel the presumption of payment, arising from a lapse of more than twenty years.

ON REPORT.

DEBT on a judgment of the late District Court, Middle District, recovered in favor of Julia Macomber, the plaintiff's intestate, at the August term, 1844, against the defendant for one year's alimony of $44. Writ dated Feb. 19, 1866. Plea general issue.

It appeared that three executions were issued upon the judgment in suit, dated Oct. 16, 1844, March 6, 1847, and May 30, 1850, respectively, which were severally returned by Moses Whittier, a deputy sheriff, " in no part satisfied."

*Moses Whittier*, called by the plaintiff, testified : — While deputy sheriff, had for collection an execution in favor of Julia Macomber against the defendant; called on defendant for payment of same, and he replied that he had no property and could not make payment. He made no payment to me. The execution was on a decree of divorce and alimony.

*Asa Gile*, called by plaintiff, testified : — I am and have been for the last thirty years well acquainted with Sanders Macomber of Readfield; on the 28th day of March, 1853, he was at my office for the purpose of making disclosure of his affairs under the poor debtor laws of this State. At this time and a few days before, when his citation was issued, had some talk with him as to his property and the amount of his indebtedness; he told me what he was owing and to whom he was indebted, and, in the course of these conver-

sations, he spoke of his liability to his former wife under the decree of the Court granting her divorce and allowing alimony. He then stated that he never should pay anything on that claim, and made inquiry about the executions which had been issued against him in that case, and wished me not to aid or assist in having it enforced against him. About the time the proceedings for divorce were commenced, said Macomber put his property, personal and real, out of his hands, and claimed not to be the owner of any property. At the time of these conversations he had for several years had the reputation of being insolvent, and continued to have such reputation until after the decease of his wife, claiming that property in his possession was not owned by him.

On the foregoing statement of facts the Court were to draw such inference as a jury would be authorized to draw, and to render such judgment as the law and facts require.

*E. O. Bean*, for the plaintiff.

*S. & J. W. May*, for the defendant.

The judgment in suit is presumed to have been paid. R. S., c. 81, § 112.

The plaintiff's evidence is not sufficient to repel the presumption. It does not show a distinct recognition of the debt, as in *Brewer* v. *Thomes*, 28 Maine, 81, or a partial payment, as in *Denny* v. *Eddy*, 22 Pick., 533.

Whittier's testimony does not show his demand and defendant's reply to have been within twenty years. His first execution was dated 1847, and the reply was to this. The return, "in no part satisfied," is no evidence of demand or effort to collect, but simply a non-receipt of payment.

Gile's testimony fails because he says that, in course of these conversations, Macomber spoke of his liability to his former wife "under the decree of the Court granting her divorce and alimony." This is a judgment of the District Court, and was not alluded to by defendant to Gile. Defendant spoke of not paying the decree and not of the judg-

ment. Nothing but direct and unequivocal testimony should be allowed to overcome the presumption.

APPLETON, C. J.—At the October term of the Supreme Judicial Court, A. D. 1842, Julia Macomber, the plaintiff's intestate, obtained a divorce from the defendant with an allowance of $44 a year as alimony.

At a term of the late District Court, the alimony for a year remaining unpaid, she recovered judgment for the same and costs. Three several executions were issued, · upon each of which the return of "in no part satisfied" was made by the officer having the same for collection. The last execution bore the date of May 30, 1850.

· The defendant relies on R. S., 1857, c. 81, § 112. "Every judgment and decree of any court of record of the United States, or any State, or of a justice of the peace, shall be presumed to be paid and satisfied at the expiration of twenty years after any duty or obligations accrued by virtue of such judgment or decree."

But the presumption thus created may be rebutted. It constitutes no peremptory bar to the maintenance of an action upon such judgment. *Brewer* v. *Thomes*, 28 Maine, 81; *Denny* v. *Eddy*, 22 Pick., 533.

In the present case this presumption is abundantly rebutted. Three several executions were returned unsatisfied, the debtor, when called upon for payment, replying that he had no property and could not make payment. Referring to this claim, the defendant told Asa Gile that he should never pay anything upon it. According to the testimony of this witness he put his property out of his hands prior to the divorce to avoid paying what might be decreed to his wife, and, from that time, has ever had the reputation of being insolvent. From all the evidence introduced, we are fully satisfied the judgment in suit has never been paid.

*Judgment for the plaintiff.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.