JOEL F. CHILES, Appellant, v. SCHOOL DISTRICT OF BUCKNER, etc., Respondent.

### Kansas City Court of Appeals, November 23, 1903.

1. **JUDGMENTS: Presumption of Payment: Limitation.** The presumption of payment of a judgment arising under the statute after the lapse of twenty years is a rule of evidence and not a limitation.

2. ———: ———: ———: **Acknowledgment.** An admission in writing within twenty years that a judgment has not been paid removes the presumption of payment, but to remove the bar of the statute of limitations there must be an acknowledgment of the justice of the debt, its non-payment and a willingness to pay.

3. ———: ———: **Acknowledgment.** An admission in an answer to a creditor's bill that the defendant owed a certain judgment which was then unpaid, is a sufficient acknowledgment to overcome the presumption of payment from lapse of time.

4. ———: ———: **Vested Right: Repeal Statute.** A judgment rendered while section 3251, Revised Statutes 1879 was in force, vested in the judgment creditor the right to rebut the presumption of payment from lapse of time by proof of payment or written acknowledgment within twenty years, and this right the Legislature could not and did not undertake to impair by the Act of 1895.

Appeal from Jackson Circuit Court. — *Hon. J. H. Slover*, Judge.

REVERSED AND REMANDED (*with directions*).

*Peak & Strother, Yeager & Yeager* and *John A. Sea* for appellant.

(1) The statute applicable to this case is that which was in force in 1880, when the judgment was rendered. This statute is section 3251 of the Revised Statutes of 1879, which is the same as section 6796 of the Revised Statutes of 1889. Cranor v. School District, 151 Mo. 119; McFaul v. Haley, 166 Mo. 56. (2) This statute was first enacted in 1835 and is not a statute of limitation, but is one establishing a rule of evidence. R. S. 1835, p. 396, sec. 1; Clemens v. Wilkinson, 10 Mo. 97; Smith v. Benton, 15 Mo. 371; Gaines v. Miller, 111 U. S. 395, 28 L. Ed. 466; Denny v. Eddy, 22 Pick. 533; Walker v. Robinson, 136 Mass. 280; Day v. Crosby, 173 Mass. 433; Knight v. Macomber, 55 Maine 132; Woodruff v. Sanders, 15 Ark. 143. (3) It is not necessary that the "acknowledgment of indebtedness" mentioned in the statute should contain a promise, expressed or implied, to pay the judgment. All that is required is that it shall be an acknowledgment of the judgment as a subsisting indebtedness. Cape Girardeau County v. Harbison, 58 Mo. 90; Knight v. Macomber, 55 Maine 132; 19 Am. and Eng. Ency. of Law (2 Ed.), 149, 150; Reed v. Reed, 46 Pa. St. 239. (4) The answer filed by defendant in the suit of 1897, and the return filed by it to the alternative writ of mandamus in 1901, were competent evidence against it. Dowzelot v. Rawlings, 58 Mo. 75; Anderson v. McPike, 86 Mo. 293; Schad v. Sharp, 95 Mo. 573; Snyder v. Railroad, 112 Mo. 527; Spurlock v. Railroad, 125 Mo. 404; Murphy v. Type Foundry, 29 Mo. App. 541; Fry v. Estes, 52 Mo. App. 1. (5) The acknowledgments of indebtedness were sufficient to repel the presumption of payment arising from the lapse of time. Cape Girardeau County v. Harbison, 58 Mo. 90; Knight v. Macomber, 55 Maine 132; Bissell v. Jaudon, 16 Ohio St. 498; Breneman's Appeal, 121 Pa. St. 641.

*Paxton & Rose* for respondent.

(1) The revival by scire facias in 1891 did not stop the running of the statute of limitations. Walsh v. Basse, 16 Mo. App. when decided contrary to George v. Middough, 62 Mo. 549, and overruled and declared not to be the law in Sutton v. Cole, 155 Mo. 206. (2) The alleged admissions in the answer and return can not be taken as acknowledgments of indebtedness, because such admissions were not unqualified. Wood on Limitations (3 Ed.), sec. 70; Chambers v. Ruby, 47 Mo. 99; Kirkbride v. Gash, 34 Mo. App. 256; McLean v. Thorpe, 4 Mo. 256. (3) The alleged admissions can not be taken as an acknowledgment of indebtedness because they were made in hostile proceedings where the school district was trying to defeat the collection of this very judgment. Wood on Limitations (3 Ed.), p. 204, sec. 73 (note, also, p. 234, sec. 85); Bloodgood v. Bruen, 4 Selden 362. Ins. Co. v. Brett, 44 Barb. 489; Holberg v. Jeffray, 65 Miss. 526; McMillan v. Leeds, 49 Pac. 159; Deys v. Jones, 19 Wend. 491. (4) Section 3251, Revised Statutes of 1879, was part of the statute of limitations because ever since 1835 it has been classified by the Legislature under the head of "limitations," and because it has been called a statute of limitation by the appellate courts. R. S. 1835, 1845, 1855, 1865, 1879, 1889, 1899; Laws of 1895, p. 221; Laws of 1899, p. 300; Cranor v. School District, 81 Mo. App. 152; s. c., 151 Mo. 119. (5) The word "acknowledgment," as used at common law in connection with limitations, was only used in connection with simple contracts, and had no application to judgments and other specialties; and when the Legislature introduced this word "acknowledgment" into the law of judgments, it came in with the meaning it had formerly had in the law of simple contracts, and indicated an intention on the part of the Legislature to assimilate the law of the limitation of judgments to the law of limitation of simple

contracts. 19 Am. and Eng. Ency. of Law (2 Ed.); p. 289; Collins v. Wilhoit, 35 Mo. App. 585, 589. (6) A pleading filed in another case by an attorney is admissible against his client; but it is not conclusive, and the client may show that it was not authorized. Nichols v. Jones, 32 Mo. App. 657, 664; Murphy v. Gillum, 79 Mo. App. 564; 8 Ency. of Pleading and Pr., pp. 20, 21, 22; Anderson v. McPike, 86 Mo. 293, 306. See also, Stover v. Duren, 3 Strobhart (S. C.), 448.

SMITH, P. J.—On July 19, 1880, a judgment was given in favor of plaintiff and against defendant for $163.75. On June 20, 1890, a writ of scire facias was sued out and said judgment revived April 10, 1891. On September 27, 1901, this action was brought. The petition is in two counts, the first of which seeks to recover upon the judgment and the revivor of it; the second alleges the rendition and revivor of it and to repel the presumption of payment arising from the lapse of time sets out certain acknowledgments of indebtedness in writing made in 1897 by defendant in its answer in an action against it in the nature of a creditor's bill and also in its return made to the writ in a proceeding against it by mandamus.

The defendant's answer to the creditor's bill, as set forth in the petition herein, admitted the recovery of the judgment against it on July 19, 1880, on a certain school warrant and alleged that the money then in the county treasury was not levied and collected for the payment of plaintiff's judgment, but was collected for teachers' salaries and the incidental expenses of said school, and "that plaintiff has allowed interest to accumulate on his judgment for many years so that if it were now paid by said district there could be no school in said district for next winter; that the law is especially solicitous for the welfare of the children of the district, and the directors thereof do not feel that they are justified in paying out the money of the district for purposes

other than that for which it was collected." And the return to the writ of mandamus in effect admitted the rendition of the original judgment of 1880, its revival in 1891, and that as revived it was still in force and that no part of it had been paid though due and owing relator, etc.

The defendant's answer pleaded the lapse of twenty years since the rendition of the judgment and the statute of limitations in bar. The cause was tried before the court, a jury being dispensed with. At the conclusion of all the evidence the defendant requested an instruction in the nature of a demurrer which was by the court given and judgment entered accordingly for defendant, and the plaintiff appealed.

The statute in force at the time of the rendition of the judgment in 1880 provided that every judgment of any court of record of this State should be presumed to be paid and satisfied after the expiration of twenty years from the day of such judgment; but in any suit in which the party against whom such judgment was rendered shall be a party such presumption may be repelled by *proof of payment or written acknowledgment* of indebtedness made within twenty years, of some part of the amount recovered by such judgment, and in all other cases it shall be conclusive. R. S. 1879, sec. 3251. This section was carried forward into the revision of 1889 as section 6796. It is thus seen that this section of the statute prescribes no limit for instituting an action on a judgment of a court of record, but merely declares that the legal presumption of payment of such judgment shall arise after the expiration of twenty years. Knight v. Macomber, 55 Maine 132.

In Cape Girardeau County v. Harbison, 58 Mo. 90, the distinction was clearly pointed out between the statute of limitations and the rules in regard to the presumption of payment arising from lapse of time. It was a suit to foreclose a mortgage given by one Harbison to the plaintiff in 1849. The mortgagor died after-

wards, and in 1864 the land was sold for the payment of his debts, the defendant Harbison being the purchaser. The bond secured by the mortgage had a number of payments indorsed upon it, the last of which was May 2, 1858. Defendant pleaded the statutes of limitation in ordinary form. Plaintiff replied, alleging two several acknowledgments in writing, within ten years before the commencement of suit, one by the administrator of the deceased Harbison and the other by the defendant. The one by the defendant was contained in a deed of trust executed by him in 1866 to one English, in which it was stated that the land in question was mortgaged by the deceased Harbison to the county of Cape Girardeau "for the sum expressed in said mortgage and which yet remains unsatisfied." The court held that the statute of limitations did not apply because there was shown no adverse possession by the mortgagor or any one claiming under him as against the mortgagee. It also held that by analogy to the statute of limitations they would presume that the debt which the mortgage was given to secure was paid ten years after the last payment in the absence of an acknowledgment to the contrary. In pointing out the distinction between the statute of limitations and the presumption of payment, the court said: "There is no sort of propriety in confounding the statute of limitations with the presumption of payment arising from the lapse of time. As defenses the two are wholly distinct in their applications and incidents. When the statute affects a right of action it operates simply a blight, as it were, upon its recoverable energy. It matters not in the least whether the demand has been previously paid or not, the statute destroys forever, upon the last day of the allotted period, its vitality in a court of justice. Hence, if there be not a new contract in the promise or acknowledgment upon which the creditor relies, he has still nothing to stand upon. But in the other defense the fact of payment, real or supposed, is the only matter to be con-

sidered. The law first presumes payment. An acknowledgment by the debtor merely removes this presumption by furnishing evidence to prove that the debt has not been paid. There is no new contract, express or implied. The recovery must be upon the original demand or nothing.''

In Gaines v. Miller, 111 U. S. 395, the Supreme Court of the United States, in referring to the Act of 1835—Revised Statutes 1835, p. 396, sections 1, 2—(carried forward into the Revision of 1845—Revised Statutes 1845, p. 721, sections 1, 2—section 1 of which was carried into the revision of 1855—2 Revised Statutes 1855, p. 1053, section 16—and into the general statutes of 1865—General Statutes 1865, p. 749, section 31—and into the revision of 1879 and 1889, as already stated) say, that as to judgments rendered prior to the Act of 1835, the presumption of payment after twenty years raised by the common law continues unaffected by that act, which, as to such judgments, is only cumulative. This presumption is a rule of evidence and not a limitation, and is not subject to the exceptions and incidents of an act of limitation.

And so it is made clear from the foregoing authorities, with the others cited in plaintiff's brief, that the judgment here sued on must be conclusively presumed to be paid and satisfied unless this presumption is repelled by proof of a written acknowledgment of the indebtedness made within the twenty years of some part of the amount recovered by the judgment. The ''acknowledgment'' required by the statute need be no more than an admission in writing within twenty years from the time the suit was brought on the judgment that such *judgment has not been paid.* In order to remove the bar of the statute of limitations the admission must be of such a character that it not only acknowledges the justice of the debt and its non-payment, but indicates a willingness to pay, so that the ground of distinction between the two statutes becomes at once quite obvious.

Now, turning to the answer and return heretofore referred to, and it will be seen that these solemn pleadings of the defendant contain an ''acknowledgment'' within the twenty years from the time the action was brought, in which it is admitted that the judgment had not then been paid. The conclusiveness of the presumption of payment of the judgment is, by these solemn admissions of the defendant, rebutted and overthrown.

But it is contended by the defendant that the statute in force when the judgment was rendered in 1880 was repealed by the adoption in 1895 of what is now known as section 4297, Revised Statutes 1899. The judgment in question, which is plaintiff's cause of action, was in existence when the Act of 1895 was passed, and comes within the expressed exceptions of section 4298, Revised Statutes 1899, and it is therefore governed by section 3251, Revised Statutes 1879, and section 6796, Revised Statutes 1889. When the judgment was rendered the plaintiff became clothed and vested with certain rights in respect to it and amongst which was that conferred by section 3251, Revised Statutes 1879 to rebut the presumption of payment arising from lapse of time by proof of part payment or written acknowledgment of indebtedness made at any time within twenty years. This right was one which the Legislature could not and did not undertake by the Act of 1895 to in any way disturb or impair. Cranor v. School Dist., 151 Mo. 119; Livingstone v. Livingstone, 66 N. E. (N. Y.) 123.

The judgment of the trial court will be reversed and cause remanded with directions to give judgment for plaintiff as prayed in his petition. All concur.