Argued December 17, 1908, decided February 2, rehearing denied
April 27, 1909.

## BOWMAN *v.* HOLMAN.

[99 Pac. 424.]

JUDGMENT—LAPSE OF TIME—PRESUMPTION OF PAYMENT.

1. At common law a judgment after the lapse of twenty years without any payment or process on it, or any acknowledgment thereof as a subsisting debt, or any explanation of its remaining unenforced, was presumed to be paid; but this presumption was neither conclusive nor an absolute bar, but could be rebutted by circumstances showing nonpayment.

JUDGMENT—SATISFACTION—LAPSE OF TIME—"SATISFIED."

2. Section 241, B. & C. Comp., amending Section 295, Hill's Ann. Laws 1892, declares that, if after entry of judgment ten consecutive years elapsed without an execution being issued thereon, such judgment shall be conclusively presumed to be paid and satisfied, unless an execution is issued thereon within a year from the passage of the act. *Held,* that such action applied to existing as well as subsequently recovered judgments, and that, no execution having been issued on an existing judgment within the time prescribed, it was conclusively presumed to be paid, and could not be revived; the word "satisfied" being used in the sense of discharged of record or destroyed.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Statement by MR. COMMISSIONER SLATER.

On September 6, 1886, plaintiff obtained a judgment against defendant in the circuit court for Multnomah County, for the sum of $4,399.15 and $14.95 as costs, which was entered of record on the same day; and this action was brought by the plaintiff on January 28, 1907, to recover the amount due thereon. Plaintiff alleges that no part thereof had been paid except the sum of $50, paid September 1, 1898; that at the time judgment was recovered and continuously until about January 1, 1892, defendant was a resident and inhabitant of this State, but that about the latter date he departed from the State and went to the City of Salt Lake, Utah, where he has ever since continuously resided; that since the recovery of the judgment defendant has had no property whatever in this State, and by reason thereof plaintiff has been prevented from securing satisfaction of his judgment, and has been unable to secure service upon the defendant in this State in an action based on the judgment; that no execution has been issued on the judgment, and that

by reason thereof it became dormant on September 7, 1891; and that plaintiff has been unable to, and cannot now, obtain or secure the full benefit of his judgment, and he now demands a judgment for the amount due thereon.

Defendant demurred on the several grounds (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that the alleged cause of action did not accrue within 10 years next preceding the commencement of the action.   The demurrer having been sustained, and plaintiff declining further to plead, judgment for costs in favor of defendant was entered, from which plaintiff has appealed.                AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Henry St. Rayner.*

For respondent there was a brief and oral arguments by *Mr. Francis D. Chamberlain* and *Mr. Ira Jones.*

Opinion by MR. COMMISSIONER SLATER.

1. At the time the judgment was entered, on which the right to recover in this action is based, the statute of this State (Section 295, Hill's Ann. Laws 1892) provided that, whenever after the entry of a judgment a period of five years should elapse without an execution being issued on such judgment, thereafter an execution should not issue except as in that section provided. Provision was thereinafter made, whereby the party in whose favor a judgment is given should file a motion with the clerk of the court where the judgment is entered for leave to issue an execution.   A summons substantially the same in form as in an action at law was required to be served on the judgment debtor in like manner and with like effect as in an action at law, who might answer the motion alleging any defense to such motion that might exist, and an order was to be made and entered in the journal upon the merits of the issues formed, but, should the judgment debtor fail to answer within the

time prescribed, the motion was to be allowed as a matter of course. Under this statute it was within the power of the plaintiff to have kept his judgment alive indefinitely by ·causing execution to issue within the time there stated; but he failed to do this, and it became dormant on September 7, 1891, as alleged in the complaint. But the judgment was not thereby canceled or satisfied. Merely the remedy to enforce it by execution at the will of the plaintiff had been lost, and thereafter he could avail himself of that remedy only under the special proceeding provided by the statute as it then existed. The status of the law governing the right to the issuance of executions on judgments was materially changed by the act of February 20, 1893 (Laws 1893, p. 26; Section 241, B. & C. Comp.), amendatory of Section 295, Hill's Ann. Laws 1892, which now is as follows:

"If, at any time after the entry of judgment, a period of ten consecutive years shall have elapsed without an execution being issued on such judgment during such period, no execution shall thereafter issue on such judgment, and such judgment shall thereafter be conclusively presumed to be paid and satisfied unless an execution be issued thereon within one year from the passage of this act."

Counsel for plaintiff now contends that under the principles of common law, a judgment creditor has a right of action in debt upon a judgment whenever, by reason of something occurring since the judgment was rendered, such as dormancy, he cannot obtain the full benefit of his judgment, and that the right of issuance of execution on the judgment, or the right to revive a dormant judgment by writ of *scire facias*, or the right to revive a dormant judgment by order of court on motion in the nature of a revivor by *scire facias* are cumulative remedies, and do not deprive the judgment creditor of his common-law remedy to enforce the judgment by action of debt if he should so elect. A number of authori-

ties are cited which tend to support this contention, while, on the other hand, it is contended by the defendant that no action on a dormant judgment is allowed in this State, citing in support of such contention *Murch* v. *Moore,* 2 Or. 189; *Pitzer* v. *Russel,* 4 Or. 124; *Strong* v. *Barnhart,* 5 Or. 496.

In *Murch* v. *Moore,* when by demurrer the statute of limitations was interposed to a motion for leave to issue an execution on a dormant judgment, it was held that the provisions of the statute concerning the time for commencing actions did not apply, and that it is in the power of a judgment creditor to keep his judgment alive until it is discharged by payment, be that period long or short. In *Pitzer* v. *Russel,* 4 Or. 124, it was held that a judgment creditor cannot claim a strict right to sue upon his judgment as often as he may choose without showing some necessity therefor, that he does not have an absolute right of action on a domestic judgment, unless such action is necessary in order to enable the plaintiff to have full benefit of his judgment, but the court was careful to state that it was not necessary, in deciding that case, to determine whether the statutory proceedings in the nature of a *scire facias,* provided in Section 295, Hills' Ann. Laws 1892, were intended as a substitute for all other actions upon a domestic judgment or not. In *Strong* v. *Barnhart,* 5 Or. 496, a motion was filed by the plaintiff for leave to issue an execution upon his judgment under the law as it stood at that time and as set forth in Section 295, Hill's Ann. Laws 1892. The judgment was obtained more than 18 years prior to the date of the filing of the motion. The defendant interposed a demurrer on the ground that plaintiff had not moved within the time limited by the Code, to-wit: within 10 years from rendition of the judgment. The lower court overruled the demurrer, and Mr. Justice BURNETT in affirming that decision expressly approves and adheres to the ruling in *Murch* v. *Moore,* 2 Or. 189.

But in passing on the case he takes occasion to say: "To hold that an action can be maintained on a domestic judgment would be inconsistent with the whole theory of our statute, which entirely excludes the idea of any such a proceeding, and in fact the action of debt upon judgment had fallen into disuse at common law and was discontinued by the courts at the time Blackstone wrote."

We are unable, however, to discover from the opinion in that case how it became material or necessary to pass upon that point, and thus it appears that no authoritative decision of this court has ever been made to that effect. Nor do we think it necessary that we should now consider that question. Conceding for the purpose of this case, but without deciding, that plaintiff's contention is correct as to what rights of action he may have had upon the judgment under the law as it stood prior to the act of 1893, yet it does not follow that he has such rights now. His whole contention is based upon the assumption that he has a dormant judgment; but he has not taken into consideration the effect of the amendatory act of 1893. At common law a judgment after the lapse of 20 years without any payment or process upon it, or any acknowledgment of it in the meantime as a subsisting debt, or any explanation of its so remaining, was presumed to be paid. 2 Black, Judg. (2 ed.) § 992; 2 Freeman, Judg. § 464; 23 Cyc. 1467; 17 Am. & Eng. Enc. Law (2 ed.) 866. That principle was recognized and applied by this court in *Beekman* v. *Hamlin,* 19 Or. 383 (24 Pac. 195: 10 L. R. A. 454: 20 Am. St. Rep. 827), which was decided in 1890. The presumption, however, was not an absolute bar, like the statute of limitations; nor was it conclusive, for it could be rebutted by various circumstances showing nonpayment. See same authorities.

2. In some states a similar rule was enacted by statute (*Brewer* v. *Thomas,* 28 Me. 81; *Knight* v. *Macomber,* 55 Me. 132; *Denny* v. *Eddy,* 22 Pick. (Mass.) 533), where it was held that such presumption did not operate

as a bar to an action on such a judgment, but that the presumption may be rebutted by evidence showing that the judgment had not in fact been paid, while by the statutes of other states the presumption thus created may be repelled only by proof of a payment or written acknowledgment of indebtedness, made within 20 years, of some part of the amount recovered by such judgment, and in all other cases the presumption is made conclusive. *Childs* v. *School Dist.*, 103 Mo. App. 240 (77 S. W. 82), where it was held that the judgment sued on must ·be conclusively presumed to be paid and satisfied, unless this presumption is repelled by proof coming within the exception declared in the statute; and *in re Kendrick*, 107 N. Y. 104, 107 (13 N. E. 762), where the statute of that State declares that a judgment shall be presumed to be paid and satisfied after the expiration of 20 years from the time when the party recovering it was first entitled to a mandate to enforce it, and that this presumption is conclusive, except as against a person who within 20 years from that time makes ·a payment or acknowledges an indebtedness of some part of the amount recovered, it was held that no acknowledgment or new promise, made after the judgment had become barred, would have been available to revive the debt. The act of 1893 (Section 241, B. & C. Comp.) contains no exception whatever to the positive declaration thereof that, after the expiration of 10 consecutive years from the entry of a judgment, without an execution being issued thereon during such period, no execution shall thereafter issue on such judgment, and such judgment shall thereafter be conclusively presumed to be paid and satisfied, unless an execution be issued thereon within one year from the passage of the act. The act applies to prior as well as to subsequent judgments; but, as to the former, the additional time of one year is allowed in which to renew or revive a judgment on which no execution had issued for 10 years, and which had become dormant under the

law as it stood prior to the enactment, and thus prevent the bar of the statute from attaching. The plaintiff had this opportunity to revive his judgment and to continue its existence; and he cannot complain if he has lost that right by his own inaction. But the effect of the statute is to take away, not only the remedy which previously existed, but the right as well. *Raphael* v. *Mencke,* 28 App. Div. 91 (50 N. Y. Supp. 920). By the use of the word "satisfied," it is apparent that, after the lapse of 10 consecutive years without the issuance of an execption, the conclusive presumption mentioned in the statute in effect discharges the record of the judgment, and thereby destroys it. *Gray* v. *Seeber,* 53 Hun. 611, 613 (6 N. Y. Supp. 802, 917).

The complaint showing that more than 20 years have transpired since the entry of the judgment sued upon, without the issuance of any execution, the bar of the statute became conclusive; and there was no error in sustaining the demurrer.

The judgment of the lower court must be affirmed.

AFFIRMED.