NORTHWESTERN BREWERS SUPPLY COMPANY, a Corporation, Appellant, v. MONTGOMERY VORHEES.—No. 40249.—203 S. W. (2d) 422.

Division One, June 9, 1947.

Rehearing Denied, July 14, 1947.

*Harry T. Limerick, Jr., David K. Breed,* and *Roy R. Stauff* for appellant.

*Irvin H. Gamble* for respondent.

 DOUGLAS, P. J.—In January, 1946 plaintiff filed this suit on a Wisconsin judgment rendered on October 31, 1932. Defendant pleaded the Missouri Statute barring suits on judgments after ten years. Plaintiff, in a motion for judgment on the pleadings, alleged that the statute of limitations in Wisconsin, where the judgment was obtained, ran for a period of twenty years, and therefore under the Constitution of the United States the Wisconsin judgment was entitled to full faith and credit for such term, and the Missouri ten-year statute could not be applied. Defendant also filed a motion for judgment on the pleadings based on the ten-year statute. Plaintiff's motion was overruled, defendant's motion was sustained, and the court entered judgment dismissing the petition. Plaintiff appealed.

 Plaintiff's position is that full faith and credit means full faith and credit for the full term of the duration of the judgment under the law of the place where the judgment was obtained, and that the statute of Missouri, where suit was brought on the judgment, prescribing a shorter term violated the full faith and credit clause of the Federal Constitution, and was therefore unconstitutional. We are unable to agree with plaintiff's position and find that a similar contention has been overruled in a number of cases. Anno. 52 A. L. R. 566. See also 11 Am. Jur. Conflict of Laws, sec. 192, 34 C. J. Judgments, sec. 1577.

The plea based on a statute limiting an action on a foreign judgment is one to the remedy, and it is the general rule that the law of the forum will govern rather than that of the place where the judgment was rendered.

It was settled in M'Elmoyle v. Cohen (1839), 38 U. S. 312, that this rule did not violate the full faith and credit clause. The court

interpreted full faith and credit to mean that "if a judgment is conclusive in the state where it is pronounced, it is equally conclusive, everywhere, in the states of the Union. If re-examinable there, it is open to the same inquiries in every other state. . . . Such being the faith, credit, and effect, to be given to a judgment of one state in another, by the Constitution and the act of Congress, the point under consideration will be determined by settling what is the nature of a plea of the statute of limitations. Is it a plea that settles the right of a party on a contract or judgment, or one that bars the remedy? Whatever diversity of opinion there may be among jurists upon this point, we think it is well settled to be a plea to the remedy; and consequently that the lex fori must prevail. . . . "

The court continued: "Prescription is a thing of policy, growing out of the experience of its necessity; and the time after which suits or actions shall be barred, has been, from a remote antiquity, fixed by every nation, in virtue of that sovereignty by which it exercises its legislation for all persons and property within its jurisdiction. This being the foundation of the right to pass statutes of prescription or limitation, may not our states, under our system, exercise this right in virtue of their sovereignty? or is it to be conceded to them in every other particular, than that of barring the remedy upon judgments of other states by the lapse of time? The states use this right upon judgments rendered in their own Courts; and the common law raises the presumption of the payment of a judgment after the lapse of twenty years. May they not then limit the time for remedies upon the judgments of other states, and alter the common law by statute, fixing a less or larger time for such presumption, and altogether barring suits upon such judgments, if they shall not be brought within the time stated in the statute? . . . But the point might have been shortly dismissed with this sage declaration, that there is no direct constitutional inhibition upon the states, nor any clause in the Constitution from which it can be even plausibly inferred, that the states may not legislate upon the remedy in suits upon the judgments of other states, exclusive of all interference with their merits. It being settled that the statute of limitations may bar recoveries upon foreign judgments; that the effect intended to be given under our Constitution to judgments, is, that they are conclusive only as regards the merits; the common law principle then applies to suits upon them, that they must be brought within the period prescribed by the local law, the lex fori, or the suit will be barred."

In Bacon v. Howard, 61 U. S. 22, the above decision was approved. We find: "But rules of prescription remain, as before, in the full power of every state. There is no clause in the Constitution which restrains this right in each state to legislate upon

the remedy ■■■ in suits on judgments of other states, exclusive of all interference with their merits. The case of M'Elmoyle v. Cohen (13 Peters, 312) leaves nothing further to be said on the subject.''

This court has followed the M'Elmoyle case as to the meaning and effect of the full faith and credit clause. Cook's Estate v. Brown, 346 Mo. 281, 140 S. W. (2d) 42. The case of Berkley v. Tootle, 163 Mo. 584, 63 S. W. 681 is not in point as it considered a statute of Kansas, where the judgment was rendered, which affected the very life of the judgment rather than the remedy. The statute of limitations of this State was not involved.

Cases cited by plaintiff do not sustain its position. Roche v. Mc-Donald, 275 U. S. 449, holds that a foreign judgment may not be impeached upon an alleged error of law made by the court rendering the original judgment. Nor does the quotation from Williams v. North Carolina, 317 U. S. 287 help plaintiff. In discussing the full faith and credit clause the court said in that case: ''Thus even though the cause of action could not be entertained in the state of the forum, either because it had been barred by the local statute of limitations or contravened local policy, the judgment thereon obtained in a sister state is entitled to full faith and credit.'' By this statement the court was emphasizing the extent of the faith and credit which must be given a *judgment* of a sister state, as distinguished from the treatment which would have been accorded the original *cause of action* upon which the *judgment* was rendered had the second suit been brought on the original cause of action instead of on the judgment. Morris v. Jones, 329 U. S. 545, 67 S. Ct. 451 is in similar vein and again for emphasis states that Illinois, where a *judgment* of Missouri was the basis of a claim, must give effect to the judgment even though the *cause of action* upon which the judgment was based could not have been maintained in Illinois or that the statute of limitations might have barred the *cause of action* there. No defense of limitations was raised against the claim which was filed in Illinois on the judgment. Neither did Titus v. Wallick, 306 U. S. 282 involve a statute of limitations.

■■■ We hold the application of the Missouri ten-year statute of limitations is not contrary to the full faith and credit clause.

The Missouri statute which defendant relied on is Section 1038 R. S. 1939, Mo. R. S. A.: ''Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after

the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and·no· execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.''

Plaintiff contends in effect that this statute merely creates rebuttable presumption that a judgment has been paid after a lapse of ten years.

Under the common law forbearance for twenty years unexplained, unaccounted for and unrebutted would extinguish the right of action on a judgment absent any statute. Our early statute created a presumption of payment after twenty years but such presumption was rebuttable by proof of partial payment or written acknowledgment. This statutory presumption was said to be a rule of evidence and not a limitation in Chiles v. School District of Buckner, 103 Mo. App. 240, 77 S. W. 82. Such a statute as our former one has been held not to be, strictly speaking, a statute of limitations fixing the time after which an action may not be maintained upon a judgment, but a statute creating a presumption of satisfaction as at common law. Under such a statute, if the evidence rebutted the presumption of payment, recovery could be had on a judgment even after the expiration of the twenty year term. The distinction between the statutory presumption of payment and a statute of limitation was discussed in Cape Girardeau County v. Harbison, 58 Mo. 90.

However in 1895 the former statute creating a presumption of payment was repealed and a new one enacted in somewhat the present form. Laws 1895, p. 221. Except in cases of revivor or partial payment entered upon the record a judgment was conclusively presumed to be paid. A further provision was added, namely: ''no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.'' It thus appears the statute joined a conclusive presumption of payment with a limitation on the right to maintain any action and became in effect a statue of limitation. Under such circumstances even an admission the judgment was not paid, if there was one, would not destroy the conclusive presumption and, furthermore, would not remove the bar of the limitation. In Hedges v. McKittrick (Mo. App.), 153 S. W. (2d) 790 it was held that nothing is allowed to interrupt the running of Section 1038 against a judgment save some exception found in the section itself.

Although plaintiff in this case alleged payments were made on the judgment, the term of ten years expired thereafter and before the institution of the present suit. Therefore, since· plaintiff is unable

to bring his judgment under an exception of the statute, the conclusive presumption of payment must follow because the period has run. Furthermore, this action is also barred by the limitation feature of the statute.

Judgment *affirmed*. All concur.