## COURTNEY *v.* STATE TAX COMMISSION

Donald J. Georgeson, Portland, argued the cause for plaintiff and Donald J. Georgeson, and Davidson, Duffy and Stout, Portland, filed briefs for plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause for defendant. Walter J. Apley, Assistant Attorney General, Salem, Gerald F. Bartz, Assistant Attorney General, Salem and Robert Y. Thornton, Attorney General, Salem, filed a brief for defendant.

Decision for plaintiff rendered July 8, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinion and Order No. I-63-38, which denied plaintiffs' claimed refund of income taxes for the calendar year 1961. The case was submitted upon stipulation and briefs.

In 1960, plaintiffs sold an apartment house and furnishings in Corvallis upon an installment contract to Gerrald M. and DeLores J. Stark.

After the Starks had paid a total of $8,826.90, a controversy arose. On June 16, 1961 plaintiffs declared Starks to be in default and, without prior notice, declared a forfeiture. Four days later, the Starks informed plaintiffs that they considered the contract rescinded because of plaintiffs' demands and alleged misrepresentations, and that the Starks' further possession of the property was for plaintiffs' benefit. The Starks offered to quitclaim the property to plaintiffs upon being reimbursed for the sums that they had paid on the contract and for improvements, less adjustments for their use of the property.

On July 1, 1961, the Starks abandoned the premises and plaintiffs physically repossessed them.

On August 1, 1961, the Starks sued plaintiffs in the Circuit Court for Benton County to rescind the contract and recover their contract payments. They offered to make an accounting for rents and profits received during their possession. On August 31, 1962, the court entered a decree rescinding the contract. Upon stipulation that an accounting would disclose that plaintiffs owed Starks $1,500, the decree required plaintiffs to pay that amount to the Starks.

In their 1961 tax return, plaintiffs reported their resumption of control over the apartment house property as a legal repossession under ORS 316.195(1) and

computed their tax in the amount of $2,263.54, after offset for tax withheld. With their return plaintiffs paid $500.

Thereafter, plaintiffs amended their 1961 return to report the transaction as a rescission and to eliminate the gain reported in their original return. The amended 1961 return claimed a refund of $563.45.

Defendant denied plaintiffs' claim for refund and affirmed their original return under ORS 316.195(1), which reads, in its material parts, as follows:

"316.195 (1) If an instalment obligation is satisfied at other than its face value * * *, gain or loss shall result to the extent of the difference between the basis of the obligation and:

"(a) In the case of satisfaction at other than face value * * *, the amount realized, * * *."

The parties agree that this case presents three issues:

(1) Was there a rescission of the installment contract?

(2) Does a rescission result in a satisfaction of an installment obligation within the meaning of ORS 316.195(1)?

(3) Was the gain which defendant determined plaintiffs realized under ORS 316.195 in satisfaction of the installment obligation at less than face value realized in 1961?

■■ Determination of the third issue disposes of this case. Under ORS 316.195(1), a taxable event occurs "if an instalment obligation is satisfied at other than its face value." Defendant contends that plaintiffs' physical repossession of the apartment house property constituted satisfaction of the obligation and was the taxable event. The facts establish that repossession alone did not satisfy the installment obligation

at issue. An obligation is not satisfied until all the parties' rights under the contract are extinguished. *Bowman v. Holman,* 53 Or 456, 462, 99 P 424 (1909); for a federal tax case so holding under a like statute, see *Boca Ratone Co. v. Commissioner,* 36 F2d 9, 18 AFTR 546 (CCA 3rd 1936). Each party had a liability under the 1960 agreement. These liabilities were not determined and satisfied or discharged until the entry of the decree in the Circuit Court for Benton County in August, 1962.

Plaintiffs' physical repossession was merely a step in the process which ultimately resulted in satisfaction of the installment obligation. The parties' obligations under the installment contract were unresolved and outstanding until the entry of the decree in 1962. Until then, the extent of gain or loss was not determined. The repossession of the apartment house was, in fact, offset by an obligation of $1,500 determined by the circuit court.

█ That the parties stipulated the facts upon which the decree was based affects neither its validity nor its legal effect for tax purposes. *Crow v. Crow,* 70 Or 534, 546, 139 P 854 (1914). No collusion or fraud upon either the circuit court or the state has been alleged or proved in this court. Mere stipulation of facts establishes neither collusion nor fraud. This court will not retry the Benton County case. The circuit court decree is entitled to its full dignity in this court. The satisfaction of the installment obligation, which is the taxable event, did not occur until 1962.

█ This conclusion conforms to the federal interpretation of a like statute, IRC 1954, § 453(d)(1). Reg § 1.453-9 states that the gain is "recognized in the taxable year of such * * * satisfaction." Such federal interpretation of the statute from which ORS

316.195(1) is copied is entitled to substantial weight. *Powrie v. Commission,* 1 OTR 13 (1962); *Schmitt v. Commission,* 1 OTR 25 (1962).

The questions of whether the installment contract was rescinded and whether the transaction, a rescission or not, was a satisfaction of an installment obligation are moot in this proceeding. Whatever the taxable result of these transactions is, the taxable event, if any, occurred in 1962. At issue in this proceeding is plaintiffs' 1961 tax liability and their right to a refund for that year. Since no taxable event occurred in 1961, it follows that plaintiffs are entitled to the relief they seek.

Plaintiffs shall prepare a decree setting aside defendant's opinion and order, directing defendant to pay plaintiffs the refund claimed by them for the tax year 1961, and allowing costs to neither party. The court is well aware that the parties' convenience might best be served by litigating the issues of 1962 tax liability in this proceeding. However, the court cannot so provide in this decision because it does not have jurisdiction. The commission has asserted no 1962 liability. Such assertion of a deficiency is a basic jurisdiction requirement in a tax proceeding.