Sue SWAN, formerly Sue Shelton, Plaintiff-Appellant,

v.

Donald SHELTON, Defendant-Respondent.

No. 33963.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

John T. Sluggett, III, Clayton, for plaintiff-appellant.

Pannell, Dodson & Robinson, Festus, for defendant-respondent.

DOERNER, Commissioner.

On February 25, 1970 plaintiff filed in the Circuit Court of Jefferson County, Missouri, her verified petition for the registration and confirmation of an Illinois judgment and decree in accordance with our Uniform Reciprocal Enforcement of Support Law, §§ 454.010 to 454.360, inclusive, RSMo 1969, V.A.M.S., and Civil Rule 74.79, V.A.M.R. By an order entered on February 26, 1970, the court found the judgment to be in proper form, ordered it registered in the sum of $2,330.00, the amount plaintiff claimed was due her, and directed that a summons to the defendant be issued. Defendant filed a motion to quash the registration on the grounds that the enforcement of plaintiff's Illinois judgment and decree was barred by § 516.350, and in the alternative an answer pleading the payment of all sums plaintiff was entitled to receive. The court sustained defendant's motion to quash the registration, and after unavailing post-hearing motions plaintiff's appeal followed.

In her verified petition plaintiff alleged that she was then a resident of Illinois, and defendant of Jefferson County, Missouri; that on August 2, 1957, an Illinois court of general jurisdiction had granted her a divorce from defendant, awarded her custody of the parties' minor child, Dennis, and ordered defendant to pay plaintiff the sum of $10.00 per week for the support of Dennis; that on February 9, 1962, the Illinois court had entered an order transferring custody of Dennis to defendant and terminating defendant's obligation to pay child support; that thereafter, on March 17, 1969, the Illinois court had entered an order further modifying its amended decree so as to grant plaintiff certain rights of visitation and temporary custody; that Dennis then resided with defendant, " * * * and that the defendant has refused and steadfastly refuses to pay plaintiff any sum or sums due and owing her from the original decree * * *." Plaintiff's prayer was that the original decree, amended as stated by the Illinois court's orders of February 9, 1962, and March 17, 1969, be registered in Missouri, that the court determine and adjudge that the defendant owes plaintiff as and for child support whatever amount is established by the evidence, for execution thereon, and for other relief.

Filed with plaintiff's petition were authenticated copies of the Illinois judgment and decree of August 2, 1957, and of the

order of March 17, 1969. Also filed with plaintiff's petition, although not referred to therein, was the following paper as it appears in the transcript before us:

"VINCENT P. KUEBEL (Filed Dec. 11, 1969)

"Clerk of the Circuit Court
Theresa Childs, Chief Deputy
St. Clair County
Belleville, Illinois 62220

December 4, 1969

"TO WHOM IT MAY CONCERN:

"Re: Sue Swan, formerly Sue Shelton Plaintiff-Petitioner
 vs. Donald Shelton – Defendant-Respondent
 FA No. 57–288 – File No. 26142

"This is to advise that this Court has no record of any child support payments being made to this Office on the above captioned case.

"Yours very truly,

s/ Vincent P. Kuebel
CIRCUIT CLERK

By s/ C. Shea
Deputy"

———◆———

On February 25, 1970, the same day on which plaintiff filed her verified petition, plaintiff also filed her affidavit herein in which she stated, "* * * that the sum of Two Thousand Three Hundred Thirty Dollars ($2,330.00) has accrued and is in arrears on an original judgment and amendments thereto to date."

Section 516.350, cited in defendant's motion to quash, provides:

"Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

The legislative background of that Section (then Section 1038, RSMo 1939), was related in Northwestern Brewers Supply Co. v. Vorhees, 356 Mo. 699, 203 S.W.2d 422, 424–425 as follows:

"Under the common law forbearance for 20 years unexplained, unaccounted for and unrebutted would extinguish the right of action on a judgment absent any statute. Our early statute created a presumption of payment after 20 years but such presumption was rebuttable by proof of partial payment or written acknowledgment. This statutory presump-

tion was said to be a rule of evidence and not a limitation in Chiles v. School District of Buckner, 103 Mo.App. 240, 77 S.W. 82. Such a statute as our former one has been held not to be, strictly speaking, a statute of limitations fixing the time after which an action may not be maintained upon a judgment, but a statute creating a presumption of satisfaction as at common law. Under such a statute, if the evidence rebutted the presumption of payment, recovery could be had on a judgment even after the expiration of the 20 year term. The distinction between the statutory presumption of payment and a statute of limitation was discussed in Cape Girardeau County v. Harbison, 58 Mo. 90.

"However in 1895 the former statute creating a presumption of payment was repealed and a new one enacted in somewhat the present form. Laws 1895, p. 221. Except in cases of revivor or partial payment entered upon the record a judgment was conclusively presumed to be paid. A further provision was added, namely: 'no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.' It thus appears the statute joined a conclusive presumption of payment with a limitation on the right to maintain any action and became in effect a statute of limitation. Under such circumstances even an admission the judgment was not paid, if there was one, would not destroy the conclusive presumption and, furthermore, would not remove the bar of the limitation. In Hedges v. McKittrick, Mo.App., 153 S.W.2d 790 it was held that nothing is allowed to interrupt the running of Section 1038 against a judgment save some exception found in the section itself."

And in the fairly recent case of Sisco v. Sisco, Mo.App., 339 S.W.2d 283, 288, this court held that by Section 516.350 both a judgment for alimony and one for the support and maintenance of the minor " * * * became satisfied and paid at the expiration

of ten years from their entry, absent payment to toll the statute or statutory revival."

At the time plaintiff filed her verified petition for the registration of the Illinois judgment on February 25, 1970, more than ten years had elapsed since the entry of that judgment on August 2, 1957. The allegation in plaintiff's petition and exhibits thereto that defendant had not paid anything on the judgment did not destroy or rebut the conclusive presumption of payment created by the statute. As the Supreme Court said in Northwestern Brewers Supply Co. v. Vorhees, supra, 203 S.W.2d l. c. p. 425, " * * * Under such circumstances even an admission (by the defendant) the judgment was not paid, if there was one, would not destroy the conclusive presumption and, furthermore, would not remove the bar of the limitation. * * * " With the record in the foregoing state at the time the defendant's motion to quash the registration was presented it is apparent that the trial court's action in sustaining the motion on May 25, 1970, was clearly proper.

Plaintiff then filed what she titled "Plaintiff's Motion to Set Aside Order Quashing Plaintiff's Application for Registration of Foreign Judgment or in the Alternative for a New Trial," in which she alleged: (1) that the court had erred in assuming " * * * that the original judgment had been barred by limitations, in accordance with R.S.Mo.1959, Section 516.-350"; (2) that the court erred in not finding " * * * that the original decree of August 2, 1957, had been revived and revitalized by subsequent modifications, and was not in fact barred by limitations as aforesaid"; and (3) that the court erred in not granting plaintiff permission to introduce evidence and show that payments had been made within the last ten years and that in fact payments had been made within the last ten years as plaintiff " * * * begs the Court for leave to establish same." Regarding the last ground we observe, parenthetically, that the tran-

script does not indicate that the plaintiff, at any time, sought to introduce evidence which the court refused to admit.

The date upon which plaintiff filed that motion does not appear in the transcript, but it appears that a copy was served on defendant by mail on June 4, 1970. On July 13, 1970, in support of her motion, plaintiff filed verified copies of various papers, the first of which, in two parts, reads as follows:

"In The Circuit Court, City of St. Louis
(Court of Domestic Relations)
September Term 1961
Tuesday, October 3rd, 1961

"Sue Wilson,
–vs– 40439–E
Donald Shelton.

"Now at this day this cause coming on for hearing on obligee's verified petition for support filed under the Uniform Reciprocal Enforcement of Support Laws of the States of Illinois and Missouri, comes Charles W. Kunderer, Assistant Prosecuting Attorney of the City of St. Louis, representing the obligee, comes also the obligor in his own proper person; thereupon, this cause is submitted to the Court upon the petition for support, the Certificate and Order of the Judge of the County Court of the State of Illinois, County of St. Clair, and upon the evidence and proof adduced, and the Court being sufficiently advised of and concerning the premises, doth find that the obligor owes a duty of support to Dennis, the minor child of the parties to this proceeding, now residing in the City of East St. Louis, State of Illinois, as prayed in the petition, and that this Court has obtained the jurisdiction of the obligor, and that the petition for support should be sustained.

"WHEREFORE, the Court doth order, adjudge and decree that the obligee have an recover of the obligor, the sum of $7.50 per week, for the support and maintenance of said minor child, until the further order of the Court, payable on Tuesday of each week, through the Circuit Clerk's Office, City of St. Louis, the first payment to be made and to become due and payable forthwith.

"It is further ordered by the Court that the costs of this proceeding be paid by the obligor, and in default of the payment of said costs or any of the installments awarded as aforesaid, as and for the support and maintenance of said minor child, as and when the same become due and payable, execution issue therefor.

"PAY TO Sue Wilson
"Mail to: Elmer Touchette
 County Clerk, Court House, Belleville,
 Illinois

"Peo. State of Illinois No. 40439–E; Room 16
 vs.
 Donald Shelton Your #28200"

The second part of the same exhibit consists of the record of payments received by the Clerk of the St. Louis Circuit Court under U.S.L. No. 212, pursuant to the foregoing order of Court of October 3, 1961. The record shows that the Clerk received payments of $7.50 per week on October 3, 10, 17, 24, 31, November 7, 14 and 21, 1961, and disbursed $15 every two weeks.

Also filed on July 13, 1970, was a verified copy of an order of the Illinois court, dated January 30, 1970, which directs:

"IT IS THEREFORE ORDERED by the Court, that custody of the minor child,

Dennis Ralph Shelton, be and the same is hereby transferred to Sue Swan and petitioner's request for waiver of child support payments be and same is hereby granted and the divorce decree is modified accordingly."

Likewise filed was the verified copy of another order of the Illinois court, made on February 19, 1965, in which it was recited that by the original decree of August 2, 1957, plaintiff had been granted a divorce, custody of Dennis, and awarded $10.00 per week from defendant for the support of Dennis; that because of plaintiff's ill health and destitution the court, on February 9, 1962, had modified the original decree so as to award custody of Dennis to defend-

ant; and that there had been a material change in the condition of the parties so that it was in the best interest of Dennis to award the custody of him to plaintiff; that order adjudged that the order of February 9, 1962, "is hereby set aside"; that the custody of Dennis was awarded to plaintiff; and that defendant pay the sum of $10.00 per week to plaintiff for the support of Dennis.

According to the transcript, on July 13, 1970, the court took the "cause" under advisement pending the filing of memoranda. And on that day, according to the transcript, the plaintiff also filed the following paper:

"To Whom It May Concern:

"It has been determined from a review of the records of this Office that from October 27, 1961 to December 8, 1961, Donald Shelton has paid to Sue Wilson for child support a total of Sixty Dollars ($60.00). The above is a true record of Support Payments as recorded under Court Case No. 28200.

"Very truly yours,

"s/ Vincent P. Kuebel, Circuit Clerk

By s/ Rose Prindable, Deputy

"Pay to: Sue Wilson
5415 Caseyville Ave.
E. St. Louis, Ill.

#28200 $7.50 per week

From: Donald Shelton
c/o St. Louis Steel and
Shipbuilding Company
St. Louis, Missouri

"10/27/61 17460 15.00
"11/10/61 17611 15.00
"11/22/61 17746 15.00
 s/
"12/8/61 17905 15.00 M.J."

----•----

The court overruled plaintiff's alternative motions on August 10, 1970, and plaintiff appealed.

In her brief plaintiff maintains: (1) that the court erred in quashing her application for registration and in assuming that the original judgment had been barred by limitation; (2) in not finding as a matter of

fact and law that the original decree of August 2, 1957, had been "revived and vitalized" by subsequent modification; and (3) that the court erred as a matter of fact and law in not finding that the original decree of August 2, 1957 had been "revived and vitalized" by payments made by defendant to plaintiff during the year 1961 and

that said judgment was not in fact barred by limitation. The sole and only authority cited by plaintiff under each of her points relied on is § 516.350, and all of the necessary research of the case law regarding the interpretation and application of that statute has fallen upon the court. We consider the purported brief filed by counsel for plaintiff as considerably less than the adequate brief contemplated by Civil Rule 83.05(a).

As we have indicated, there is no merit in plaintiff's first point. Inasmuch as more than ten years had elapsed since the entry on August 2, 1957, of the original decree, and the record as it existed at the time defendant's motion to quash was presented did not *then* show that either requirement of the statute had been complied with, the court's action in sustaining defendant's motion to quash was eminently proper. Northwestern Brewers Supply Co. v. Vorhees, supra; Sisco v. Sisco, supra. Those requirements, enumerated in § 516.350, were a showing either that the original judgment, " * * * has been revived upon personal service duly had upon the defendant * * *" or that " * * * a payment has been made on such judgment, order or decree, and duly entered upon the record thereof * * *."

 Nor is there any merit in plaintiff's second point, that the various orders modifying the original decree (some of which orders are seemingly confusing and unexplained [1]) "revived and vitalized" the original decree. An order modifying a judgment may alter it, Sisco v. Sisco, but it does not revive it; and in the main the orders made related principally to that part of the original decree concerning custody, an element of the decree not subject to being affected by § 516.350, Sisco v. Sisco, supra. As her petition shows, what the plaintiff here seeks to do is to enforce the original decree, made more than ten years before her attempt to register it in Missouri. Section 516.350 requires the revival of a judgment in accordance with the procedure provided in § 511.370, et seq. The various modification orders were not tantamount to the judgment of revival provided for in Section 511.340.

Plaintiff's final point is that the payments made by defendant to plaintiff during the year "revived and vitalized" the original decree. What the plaintiff means by such words is that the payments tolled the bar of the limitations contained in § 516.350. In that connection it is of the greatest importance to note that that section provides that at the expiration of ten years from the date of the original judgment it shall be conclusively presumed to be paid and satisfied unless it is shown that within that time a " * * * payment has been made on such judgment, order or decree, *and duly entered upon the record* * * *" of the judgment. We have emphasized those words because of the conclusion reached by the Supreme Court in Northwestern Brewers Supply Co. v. Vorhees, 356 Mo. 699, 203 S.W.2d 422, regarding the effect of a payment made by the judgment debtor prior to the expiration of the ten year period. In that case the plaintiff obtained a judgment against the defendant in Wisconsin in 1932. In 1946 plaintiff filed suit in Missouri on the Wisconsin judgment, and in its petition plaintiff alleged that the defendant had made payments on the judgment prior to the expiration of the ten years. Defendant pleaded the Missouri statute barring suits on judgments after ten years. As to the payment feature of the case the Supreme Court said (l. c. 425):

"Although plaintiff in this case alleged payments were made on the judgment, the term of 10 years expired thereafter and before the institution of the present suit. Therefore, since plaintiff is unable

---

1. For example, according to plaintiff's exhibits the Illinois court made an order awarding custody of Dennis to plaintiff on February 19, 1965, and a similar order on January 30, 1970, apparently without any intervening order granting custody to defendant.

to bring his judgment under an exception of the statute, the conclusive presumption of payment must follow because the period has run. Furthermore, this action is also barred by the limitation feature of the statute."

The court's ruling in Northwestern, supra, that the conclusive presumption of payment created by § 516.350 (then § 1038) cancels the debt and extinguishes the right of action was confirmed in Wormington v. City of Monett, 358 Mo. 1044, 218 S.W.2d 586, 588, where the Supreme Court en banc said:

"The conclusive presumption of payment created by Section 1038, though imposing a limitation on actions on judgments, is to be distinguished from the bar of the remedy created by the usual statute of limitation. The usual statute of limitation imposes a bar to the recovery of the debt; it operates to prohibit an action upon the debt. On the other hand a presumption of payment statute such as Section 1038, wipes out or cancels the debt itself; it extinguishes the right of action. It is not concerned with the remedy because there is no right left to be enforced."

The strict construction which the Supreme Court placed on § 516.350 is illustrated by the fact that the court there held a judgment barred by the elapse of ten years even though the case had been pending in the appellate courts for that period; and also held that the pendency of a suit on a judgment does not extend the validity of the judgment after the ten-year period has elapsed although such lapse occurs while the suit is pending.

■ We can only construe the holding of the Supreme Court in Northwestern to mean that a mere payment made on the judgment within the ten year period, standing alone, will not suffice to prevent the creation of the conclusive presumption of payment upon the expiration of that period; and that only a revival of the judgment in the statutory manner, or a payment which is " * * * duly entered upon the record" of the judgment will suffice to extend its validity. So far as our research has disclosed, that decision, and Wormington, are the last controlling decisions of the Supreme Court on the subject and we are, of course, required to follow them. Article 5, § 2, Mo.Const.1945, V.A.M.S.

In the instant case, directly contrary to what plaintiff had stated in her verified petition and her exhibits, in her post-hearing motions and the documents filed in support thereof plaintiff alleged and endeavored to show that in 1961 the defendant had paid plaintiff the total sum of $60 on the original judgment. The record shows that in 1961 the defendant made eight weekly payments of $7.50 in to the registry of the Circuit Court of the City of St. Louis, pursuant to the order made by that court on October 3, 1961; that those funds were transmitted by the clerk of that court to the Circuit Clerk of an Illinois court, and the receipt thereof entered on its records; and that such sums were paid to plaintiff.

■ But does the record show that the payments were made by the defendant on the original judgment of August 2, 1957? Defendant maintains that they were not because the amount required to be paid weekly pursuant to the Missouri court's order of October 3, 1961, $7.50, was a different and lesser amount than defendant was directed to pay by the original Illinois judgment. However, we construe the powers given to a responding court by § 454.240 of our Uniform Reciprocal Enforcement of Support Law to include the power to require a defendant to pay a lesser amount than that required to be paid by the order or judgment of the initiating state.

There can be no doubt that the action in Missouri which culminated in the order of that court of October 3, 1961, was brought under the Uniform Reciprocal Enforcement of Support Laws of Illinois and Missouri, for it is so recited in that order. Nor can there be any doubt that what plaintiff was

seeking to enforce, by the proceedings in Missouri, was the defendant's obligation, in Illinois, to support Dennis, for that is likewise recited in the same order. True, in the order of October 3, 1961, the original Illinois judgment is not specifically referred to, but it is stated that that cause was submitted " * * * upon the petition for support, the Certificate and Order of the Judge of the County Court of the State of Illinois, County of St. Clair, and upon the evidence and proof adduced, * * *." Was that "Order" of the Illinois court the original Illinois judgment of August 2, 1957, or was it some other order of support? Plaintiff assumes that the Missouri proceeding was to enforce the original Illinois judgment, but the transcript before us is by no means as clear as it might be on that point. Of course, had plaintiff introduced the petition she filed in the Missouri proceeding, or introduced other evidence on that issue, the ambiguity could have been resolved.

By Civil Rule 83.13(c) it is our duty to dispose finally of a case before us, if possible, but this presupposes a record and evidence upon which we can rule with some degree of confidence in the reasonableness, fairness and accuracy of our final conclusion. In re I.M.J., Mo.App., 428 S.W.2d 18. The difficulty in this case, however, is that we do not have such a record before us. Under similar circumstances this court said, in In re M—P—S—, Mo. App., 342 S.W.2d 277, 283–284:

> " * * * In a situation such as the present one, where it is impossible to render a final judgment because the principal issue was not adequately developed below, and the record indicates that the necessary evidence may be available, a wise exercise of our discretion requires that the judgment be reversed and that the case be remanded for a new trial. Hetzler v. Millard, 348 Mo. 198, 153 S.W.2d 355; Daggs v. McDermott, 327 Mo. 73, 34 S.W.2d 46; Oliver v. Oliver, Mo.App., 325 S.W.2d 33."

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent herewith.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment reversed and cause remanded with directions.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.