**Lavinia O. FOLEY, Plaintiff-Appellant,**

v.

**Patrick FOLEY, Defendant-Respondent.**

**No. WD 33063.**

Missouri Court of Appeals,
Western District.

Sept. 7, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 5, 1982.

Don Pierce, P.C., Robert D. Colley, St. Joseph, for plaintiff-appellant.

Kranitz & Kranitz, P.C., St. Joseph, for defendant-respondent.

Before SOMERVILLE, C.J., Presiding, and WASSERSTROM and MANFORD, JJ.

SOMERVILLE, Chief Judge.

Lavinia Foley (hereinafter appellant) appeals from an order of the Circuit Court of Buchanan County dismissing her verified petition for registration of a California judgment for child support payable in monthly installments under the Uniform Enforcement of Foreign Judgments Act, Section 511.760, RSMo 1978.[1]

The record on appeal is limited to a legal file. An amalgam of facts drawn therefrom discloses the following. The marital union of appellant and Patrick Foley (hereinafter respondent) was severed by an interlocutory decree of divorce rendered by the Superior Court of Marin County, California, on March 2, 1959. The interlocutory decree "ordered, adjudged and decreed", inter alia, that respondent pay to appellant the sum of "$150.00 per month" for the "support, care and maintenance" of three minor children born of the marriage whose custody was awarded to appellant. No apportionment or allocation of the support money for the respective children was indicated in the order. On June 17, 1966, the Superior Court of Marin County, California, rendered a final judgment of divorce, incorporating therein, insofar as here pertinent, the $150.00 per month for child support awarded appellant in the interlocutory decree. On December 17, 1980, on application of appellant of that date, Richard H. Brenner, Judge of the Superior Court of Marin County, California, entered an order that a "Writ of Execution be issued against defendant [respondent] in favor of plaintiff [appellant] in the amount of $7000.00 in principal, plus $3,171.00 interest for a total of $10,171.00." It is patent that the writ of execution issued in favor of appellant pursuant to CCP § 681[2] (Section 681 of the California Code of Civil Procedure) as a motion filed by appellant on October 10, 1980, to obtain a Writ of Execution pursuant to CCP § 685[3] (Section 685 of the California Code of Civil Procedure) was denied by order of the Superior Court of Marin County, California, on March 9, 1981. More will be said about CCP § 681 and CCP § 685 as disposition of the appeal sub judice unfolds.

On April 30, 1981, appellant filed a verified petition (Section 511.760.3) in the Circuit Court of Buchanan County, Missouri, to register the California judgment for child

---

1. Unless otherwise indicated, all statutory references are to RSMo 1978.

2. CCP § 681: "The party in those favor judgment is given may, at any time within 10 years after the entry thereof, have a writ or order issued for the execution or enforcement of the judgment. If, after the entry of the judgment, the issuing of such writ or order is stayed or enjoined by any judgment or order of court, or by operation of law, the time during which it is so stayed or enjoined must be excluded from the computation of the 10 years within which execution or order may issue."

3. CCP § 685: "In all cases the judgment may be enforced or carried into execution after the lapse of 10 years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of Section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion. ..."

support in the amount of $150.00 per month under the Uniform Enforcement of Foreign Judgments Act. Respondent filed a motion to dismiss appellant's verified petition for a triad of reasons: (1) enforcement of the California judgment for child support was barred by respective statutes of limitations of California and Missouri; (2) the California judgment for child support was unenforceable on its face because it failed to specify a fixed and certain amount; and (3) the California judgment for child support was not subject to registration because the state of rendition refused to issue a writ of execution pursuant to CCP § 685.

On July 20, 1981, the Circuit Court of Buchanan County entered an order dismissing appellant's verified petition for registration of the California judgment for child support without any hint as to the ground or grounds relied upon for doing so. A timely appeal ensued.

Appellant perfunctorily asserts on appeal that the California judgment for child support was entitled to "full faith and credit" in Missouri and obliquely submits that it was not barred by respective statutes of limitations of California and Missouri. Appellant's argument primarily consists of the standard rubric that Missouri is required under Art. IV, § 1, Constitution of the United States, to give full faith and credit to the California judgment for child support unless there was (1) lack of jurisdiction over the parties or subject matter, (2) failure to give due or proper notice, or (3) fraud in the procurement of the judgment. See generally: *Bastian v. Tuttle*, 606 S.W.2d 808, 809 (Mo.App.1980); and *Flieder v. Flieder*, 575 S.W.2d 758, 760 (Mo.App.1978). Moreover, the constitutional mandate that a forum state give full faith and credit to the judgment of a sister state precludes any inquiry by the forum state into the merits of the underlying cause of action or the validity of the legal principles upon which the foreign judgment rests. *Matter of Estate of Fields*, 588 S.W.2d 50, 52 (Mo.App.1979).

Appellant's paralogistic argument fails to squarely address the maze of legal complexities presented by this appeal. Respondent has not questioned, either below or on appeal, registration of the California judgment for child support on grounds of lack of jurisdiction, lack of notice, or fraud in its procurement. The points relied upon by respondent in his brief put the legal complexities in far better perspective, and, posed in form of questions, provide a clearer understanding of the dispositional basis of this appeal: (1) Was the California judgment for child support unenforceable on its face because it failed to specify a fixed and certain amount? (2) Was enforcement of the California judgment for child support barred by respective statutes of limitations of California and Missouri? (3) Was registration of the California judgment for child support precluded because the state of rendition refused to issue a writ of execution pursuant to CCP § 685?

The fact that the California judgment provided for future payments in monthly installments, standing alone, did not render it unenforceable in Missouri as the amount of each future installment was definite and certain and the total amount accrued was calculable. The right to enforce a judgment payable in future monthly installments which have already accrued under the judgment of a sister state and which are not retroactively modifiable under the law of the state of rendition come under the aegis of the full faith and credit clause of Art. IV, § 1, Constitution of the United States. *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Buswell v. Buswell*, 377 Pa. 487, 105 A.2d 608 (1954); and *Silverstein v. Silverstein*, 246 Pa.Super. 503, 371 A.2d 948, 950–51 (1977). Concomitantly, under California law, retroactive modification of child support payments is prohibited. *Williams v. Williams*, 8 Cal. App.3d 636, 87 Cal.Rptr. 754 (1970). According to Restatement (Second), Conflict of Laws, 109(2), a forum state is free to enforce a foreign judgment payable in future monthly installments even though the future installments are subject to modification under the law of the state of rendition. In this day and age of societal mobility a great social injustice would be rent if judg-

ments for child support payments in fixed, future monthly installments were unenforceable in states other than the state of rendition on the singular, hollow argument that they were indefinite and uncertain. See generally *Light v. Light,* 12 Ill.2d 502, 147 N.E.2d 34, 39–40 (1957).

▮▮▮ Due to their patent affinity, the issues posed by the last two referenced questions lend themselves to a joint discussion and disposition. It is well established that the "judgment of a sister state is entitled to no greater effect than is accorded to it in the state where rendered." *Daugherty v. Nelson,* 241 Mo.App. 121, 234 S.W.2d 353, 360 (1950). See also, *Winget v. Woods,* 294 S.W.2d 43, 46 (Mo.App.1956). Drawing on this principle, respondent contends, if correctly perceived by this court, that (1) appellant was not entitled to issuance of a writ of execution in California under CCP § 681 because no application therefor was made "within 10 years after the entry" of the judgment for child support, and (2) the Superior Court of Marin County, California, denied appellant's application for issuance of a writ of execution pursuant to CCP § 685. Accordingly, respondent takes the position that the judgment for child support was unenforceable in California, the state of rendition, and, ipso facto, unenforceable in Missouri. Notwithstanding the language of CCP § 681, "within 10 years after the entry" of a judgment, its application in California as to judgments for child support payable in monthly installments is clearly delineated in *Bryant v. Bryant,* 161 Cal. App.2d 579, 326 P.2d 898, 900 (1958): "The rule is that any award made to a spouse during the pendency of a divorce action, or in the decree, may be enforced by execution, and that a party is entitled, as a matter of right, to execution of a judgment directing payment of monthly sums for support as to all sums that have accrued within 10 years from the date of the application for such execution. Such an application may be made ex parte *and it is immaterial that the award itself may have been made more than 10 years prior thereto.*" (Emphasis added.) See also: *DiCorpo v. DiCorpo,* 33 Cal.2d 195, 200 P.2d 529, 532 (1948);

*Lohman v. Lohman,* 29 Cal.2d 144, 173 P.2d 657, 660 (banc 1946); and *In Re Marriage of Hudson,* 95 Cal.App.3d 72, 74–75, 156 Cal. Rptr. 849, 850 (1979). Clearly, under California law monthly installments which accrued within ten years from the date appellant applied for a writ of execution under CCP § 681 were not barred by limitation. CCP § 685, providing extraordinary relief for enforcement of a judgment in California "after the lapse of 10 years from the date of its entry", requires a showing by a judgment creditor that he exercised due diligence during the ten year period in attempting to enforce his judgment, and determination of whether he did so lies within the discretion of the trial court whose determination thereon will not be disturbed absent a clear abuse of discretion, *DiCorpo v. DiCorpo, supra,* 200 P.2d at 531. Based on the foregoing analysis of California law, and notwithstanding the order of the Superior Court of Marin County, California, dated March 9, 1981, denying appellant's application for a writ of execution pursuant to CCP § 685, installment payments accruing within ten years immediately preceding appellant's application for a writ of execution pursuant to CCP § 681 were not barred by limitation in California, the state of rendition.

The focus of this opinion now shifts to whether the California judgment for child support payable in monthly installments is entitled to registration in Missouri in light of Section 516.350: "Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or

revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

Missouri prior to enactment of the Uniform Enforcement of Foreign Judgments Act ascribed to the principle that a forum state's statute of limitations applied to an action on a foreign judgment since "[t]he plea based on a statute limiting an action on a foreign judgment is one to the remedy, and it is the general rule that the law of the forum will govern rather than that of the place where the judgment was rendered." *Northwestern Brewers Supply Co. v. Vorhees,* 356 Mo. 699, 203 S.W.2d 422, 423 (1947). See also *Crane v. Reinking,* 215 S.W.2d 759, 761 (Mo.App.1948). Furthermore, under the statutory precursor of present Section 516.350, elapse of the period of limitation therein barred an action on a foreign judgment in this state even though it was still enforceable in the state of rendition. *Northwestern Brewers Supply Co. v. Vorhees, supra.* Application of a forum state's statute of limitations does not offend the full faith and credit provision of Art. IV, § 1, Constitution of the United States. *McElmoyle v. Cohen,* 38 U.S. (13 Pet.) 312, 10 L.Ed. 177 (1839); *Northwestern Brewers Supply Co. v. Vorhees, supra;* and *Crane v. Reinking, supra.*

Admittedly, Section 516.350 is distinguishable from conventional statutes of limitations as it combines features of conclusive presumption of payment of judgments with a limitation on the right to bring actions thereon. Nevertheless, the majority of states, including Missouri as evidenced by *Northwestern Brewers Supply Co. v. Vorhees, supra,* and *Crane v. Reinking, supra,* do not distinguish between such statutes and pure statutes of limitations re their application in forum states as a bar to actions on foreign judgments. 47 Am.Jur.2d, Judgments, § 958; Annot. 36 A.L.R.2d 567, 588–89. Any distinction to be drawn between enforcement of a foreign judgment in a sister state by way of a common law action for debt on the foreign judgment or registration of the foreign judgment under the Uniform Enforcement of Foreign Judgments Act, re application of a forum state's statute of limitations, fades into obscurity as Section 511.760.12 explicitly recognizes registration as an alternative, but not exclusive, method of enforcing a foreign judgment. See *First National Bank of Colorado Springs v. Mark IV Co.,* 591 S.W.2d 63, 68 (Mo.App.1979). The matter was succinctly put in *Alexander Construction Co. v. Weaver,* 3 Kan.App.2d 298, 594 P.2d 248, 250 (1979), as follows: "The Uniform Enforcement of Foreign Judgments Act was instituted to provide a more effective and efficient timesaving procedure for the enforcement of judgments obtained in foreign jurisdictions. Our adoption of this Act does not extinguish the judgment creditor's right to bring or file an action to enforce his foreign judgment in this state. K.S.A. 60–3006. It is merely another method available to the judgment creditor! The statute of limitations applicable to enforcement of a foreign judgment in Kansas should be the same regardless of which of these methods of enforcement is chosen by the judgment creditor." The most persuasive authority for holding that a forum state's statute of limitations applies with equal force to an application for registration of a foreign judgment under the Uniform Enforcement of Foreign Judgments Act lies in the language of Section 511.760.2: "On application *made within the time allowed for bringing an action on a foreign judgment in this state,* any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction in such action." (Emphasis added.) It is noteworthy that Missouri by Section 511.760 adopted the 1948 version of the Uniform Registration of Foreign Judgments Act. The Commissioners' Comment to § 2 of the 1948 version of the Uniform Registration of Foreign Judgments Act, Section 511.760.2, RSMo 1978, makes clear that the statute of limitations of the forum state governs. 13 Uniform Laws Annotated 192 (1980). Parenthetically, *Alexander*

*Construction Co. v. Weaver, supra,* and *Newhouse v. Newhouse,* 271 Or. 109, 530 P.2d 848 (1975), represent cases from other jurisdictions applying their own statutes of limitations to bar enforcement of valid foreign judgments under the Uniform Enforcement of Foreign Judgments Act. Missouri has never adopted the 1964 version of the Uniform Enforcement of Foreign Judgments Act, which, inter alia, dropped the language "within the time allowed for bringing an action on a foreign judgment in this state" contained in § 2 of the 1948 version of the Uniform Enforcement of Foreign Judgments Act.

■ Having concluded that Section 516.-350 is applicable to appellant's application to register the California judgment for child support payable in periodic installments, only its effect remains to be determined. In doing so, several salient facts need to be reiterated. The California judgment was originally rendered on March 2, 1959, by the Superior Court of Marin County, California, and the legal file is devoid of any facts to overcome the presumption of payment provision of Section 516.350 by timely revival or payment duly entered upon the record thereof, and appellant does not contend otherwise on appeal. Prior to a recent decision handed down by the Supreme Court of this state, *Holt v. Holt,* 635 S.W.2d 335 (Mo. en banc, 1982), registration of the California judgment for child support payable in monthly installments would have been barred under Section 516.350 as "[t]he ten year period for purposes of § 516.350 ..., in the case of judgments mandating periodic payments, begins when the judgment is entered and not when payments fall due." *Walls v. Walls,* 620 S.W.2d 11, 12 (Mo.App.1981). Holt implicitly recognized the basic injustice and unfairness, as well as the public policy inconsistency of shifting the burden of errant fathers to the public sector, which resulted from relating the ten year period of § 516.350 with respect to judgments for child support mandating periodic payments to the date of original rendition rather than the date when payments fell due and in an effort to ameliorate the situation reassessed the position long held

by Missouri regarding periodic payments (a version shared by only a minority of other jurisdictions). In doing so, *Holt* distinguished between money judgments for a single, fixed sum certain and judgments ordering periodic payments of certain amounts in installments, e.g., judgments for child support payable in monthly installments. In conclusion, *Holt* departed from Missouri's long standing constructional application of Section 516.350 relative to judgments for child support payable in monthly installments by adopting the view that each periodic payment should be presumed paid *after the expiration of ten years from the date the periodic payments become due* and not, as was previously the view held in this state, from the date of rendition of the judgment ordering periodic payments of child support. The Court in *Holt* noted that doing so comported with Section 516.350 as amended by the General Assembly of Missouri in 1982, Senate Bill 468 signed by the Governor on June 22, 1982, and had no qualms in affording the appellant therein "the benefit of the new law". It should be noted that *Ferguson v. Ferguson,* 636 S.W.2d 323 (Mo. en banc, 1982), followed *Holt v. Holt, supra,* and, additionally, resolved an apparent conflict between decisions of the Missouri Court of Appeals, Western District, and decisions of the Supreme Court and the Missouri Court of Appeals, Eastern District, by holding that each periodic child support payment shall be presumed paid and satisfied after the expiration of ten years from the date the periodic payment is due unless there has been (1) a timely revival or (2) payment duly entered upon the record. Proof of payment by evidence aliunde was rejected.

The advent of *Holt v. Holt, supra,* and *Ferguson v. Ferguson, supra,* compel this court to conclude that the California judgment for child support payments in monthly installments was entitled to registration under the Uniform Enforcement of Foreign Judgments Act, Section 511.760 to the extent of unpaid installments which came due within ten years immediately preceding April 30, 1981, the date appellant filed its

verified petition for registration of the California judgment under the then Uniform Enforcement of Foreign Judgments Act.

With respect to further proceedings in this matter the attention of the parties is called to Section 511.760.8 which provides as follows: "Any defense, set-off or counterclaim which under the law of this state may be asserted by the defendant in an action on the foreign judgment, may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. Such pleadings must be filed within thirty days after personal jurisdiction is acquired or within thirty-five days after the mailing of the notice prescribed in subsection 5."

The judgment of the Circuit Court of Buchanan County dismissing appellant's verified petition for registration of the California judgment for child support payable in monthly installments is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

All concur.