**WALNUT GROVE PRODUCTS, DIVISION OF W.R. GRACE & COMPANY, Plaintiff-Respondent,**

v.

**Don SCHNELL and Edith L. Schnell, Defendants-Appellants.**

**No. WD 34433.**

Missouri Court of Appeals,
Western District.

Sept. 27, 1983.

Richard J. Blanck, Boonville, for defendants-appellants.

William D. Farrar, Kirksville, for plaintiff-respondent.

Before KENNEDY, P.J., and NUGENT and LOWENSTEIN, JJ.

KENNEDY, Presiding Judge.

This is an appeal from an order of the Circuit Court of Saline County, Missouri, which purported to revive a judgment in favor of Walnut Grove Products against Don Schnell and Edith L. Schnell. The

judgment had originally been rendered by the United States District Court for the Southern District of Iowa. It was rendered either March 15, 1972 (as the creditor argues), or on December 15, 1971 (as the debtors contend).

An authenticated copy of the judgment, and a petition for registration of a foreign judgment, were filed in the Circuit Court of Saline County on July 17, 1972. Summons was not issued and served upon the judgment debtors until January 21, 1980. The judgment debtors did not file any answer or other pleading to the petition, and an order registering the foreign judgment was entered on March 5, 1981. See Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo 1978; Supreme Court Rule 74.79.

We affirm the order of the trial court by which the judgment was revived.

■ The parties' debate here is whether the original judgment was rendered on December 15, 1971, and thus was barred by the 10-year statute of limitations when the scire facias was filed on February 4, 1982,[1] or was rendered on March 15, 1972, so that the scire facias was within the limitation period.

A second issue is whether a credit upon the judgment, paid without the consent of the judgment debtors by a transferee of real estate upon which the judgment creditor claimed a lien, had the effect of reviving the judgment and starting the limitations period running from that date.

In view of our disposition of the case, we do not reach either of the two issues.

■ The court's order of revival applied to the *Missouri judgment* which was *based upon* the judgment rendered by the federal district court in Iowa. The order of revival says as much. It says that "the court being fully advised in the premises finds that the application for scire facias to revive judgment be sustained and that the judgment entered March 5, 1981, be revived." When

the foreign judgment was registered, it became a new judgment of the Saline County Circuit Court. Supreme Court Rule 74.-79(g), § 511.760.7, RSMo 1978. The 10-year statute of limitations started running from the effective date of the Missouri judgment.

■ It is not necessary for us to consider whether the effective date of the Missouri judgment, the date which commenced the running of the statute of limitations, was March 5, 1981, the date of the trial court's "Order for Registration of Foreign Judgment", see Supreme Court Rule 74.79(g), or an earlier date. The earliest date to start the running of the statute of limitations would have been the date of filing the authenticated copy of the foreign judgment and the petition for registration, which was July 17, 1972. See Supreme Court Rule 74.79(f). Plaintiff's application for scire facias to revive the judgment was filed February 4, 1982, five months less than ten years starting with that earliest date of July 17, 1972.

Defendants point out that if it was the March 5, 1981, order registering the judgment which begins the statute of limitations, it was not necessary for the plaintiff to revive the judgment, because it was still in its first three years during which it would constitute a lien on defendant's real estate, Sec. 511.360, RSMo 1978. From that premise defendants argue that it was not the March 5, 1981, judgment of the Circuit Court of Saline County which was revived by the court's order, but was rather the judgment of the United States District Court for the Southern District of Iowa which it purported to revive.

It may be that the plaintiff was doing an unnecessary thing when it sought to revive the March 5, 1981, judgment, but it does not necessarily follow that the order appealed from was meant to revive the Iowa judgment. The order of revival entered December 2, 1982, would have the effect of start-

---

1. Missouri's ten-year statute of limitations applies to foreign judgments sought to be enforced in Missouri, even though the foreign state's statute of limitations might be longer or shorter. *Foley v. Foley,* 641 S.W.2d 138, 142 (Mo.App.1982).

ing the statute of limitations running again and extending the life of the judgment to December 2, 1992, and extending the lien period to December 2, 1985. So it cannot be said that the revival procedure was wholly useless. On the other hand, any attempt to "revive" the Iowa judgment by order of the Circuit Court of Saline County, Missouri, would without any doubt have been void and wholly useless. 46 Am.Jur.2d Judgments, §§ 23, 905–06 (1969).

Judgment affirmed.

All concur.