Robert L. RITTERBUSCH, Appellant,

v.

NEW LONDON OIL COMPANY,
INC., Respondent.

No. WD 51246.

Missouri Court of Appeals,
Western District.

June 4, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 27, 1996.

Robert L. Ritterbusch, Maryville, pro se.

Edward M. Manring, Albany, for respondent.

Before LOWENSTEIN, P.J., and
HANNA and SPINDEN, JJ.

SPINDEN, Judge.

New London Oil Company, Inc., obtained a judgment against Robert L. Ritterbusch in a Pennsylvania court in 1987, but it did not execute the judgment allegedly within Pennsylvania's statute of limitations.[1] New London Oil registered its judgment in Missouri. Ritterbusch contends that the circuit court should have set aside the registration because New London Oil did not register the appropriate Pennsylvania judgment in accordance with Rule 74.14. He also contends that § 516.190, RSMo 1994, Missouri's "borrowing statute," should bar enforcement of

---

1. Ritterbusch contends that Pennsylvania's statute of limitations is four years, but New London Oil contests this. For the purpose of this opin-
ion, we need not decide the issue because the Pennsylvania statute of limitations is not applicable.

the judgment because Pennsylvania law bars its enforcement. Finally, he asserts that the circuit court should have granted him a hearing on his motion to vacate the registration because of misrepresentations made by New London Oil. We affirm the circuit court's judgment to enforce the Pennsylvania judgment.

A Pennsylvania court rendered the judgment on August 21, 1987, in an equity action. It awarded New London Oil damages of $20,136.39 against Ritterbusch. After the court denied Ritterbusch's post-trial motions on December 4, 1987, the award became a final judgment on January 25, 1988.[2] Ritterbusch appealed the judgment, but an appellate court affirmed it. On August 5, 1993, the prothonotary of the court entered judgment of $20,136.39 with accrued interest of $7199.25 on the judgment docket and indexed the debt against Ritterbusch.

On June 3, 1994, New London Oil registered the Pennsylvania judgment in Missouri circuit court by filing authenticated copies of the judgment docket and index. Ritterbusch filed a motion to set aside the registration in which he alleged that the judgment filed by New London Oil did not constitute a foreign judgment under Rule 74.14. In the alternative, he moved to vacate the registration on the ground that it was time barred. On May 2, 1995, the circuit court entered an order overruling Ritterbusch's motions. On May 17, 1995, Ritterbusch filed a motion for reconsideration and, in the alternative, a motion to vacate the registration as a sanction for the misrepresentation made by New London Oil as to the date on which the judgment became final. The circuit court took no action on those motions, so Ritterbusch appeals.

In his first point, Ritterbusch argues that the circuit court erred in overruling his motion to set aside the registration of the foreign judgment because New London Oil did not file the appropriate Pennsylvania judgment. He asserts that the ministerial action taken by the Pennsylvania court's prothonotary on August 5, 1993, was not a judgment.

Rule 74.14 sets out the procedure for registering a foreign judgment. Subsection (a) of the rule defines a foreign judgment as "any judgment, decree or order of a court of the United States or of any other court that is entitled to full faith and credit." Subsection (b) says that "[a] copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state."

In filing its petition for registration of a foreign judgment, New London Oil filed authenticated copies of the prothonotary's "record and proceedings" of the case. The attestation authenticating the records contained a certification from the prothonotary asserting that the records were true and correct copies. The attestation also contained a certification from the judge of the case, the Honorable Robert L. Wolfe, who certified that the prothonotary was "duly commissioned and qualified" and that her acts ought to be given "full faith and credit."

■ The authenticated documents filed by New London Oil included a document entitled a "Continuance Docket" and several pages of entries of the actions taken by the Pennsylvania court in the case. The continuance docket, which indicates that it was filed and entered on August 5, 1993, said:

### VERDICT

Judgment on Verdit [sic] in the sum of 27,335.64 Dollars, entered from Verdict entered at A.D. 356 of 1985.

¶ **Plaintiff's appeals having been dismissed, kindly enter judgment in favor of New London Oil Company, Inc., and against Robert L. Ritterbusch in the**

---

2. The parties agree that, for the purpose of this appeal, the judgment became final on January 25, 1988, and that the appeal did not toll the statute of limitations.

amount of $27,335.64 calculated as follows:

| Decree Nisi Verdict (8/21/87) | $20,136.39 |
| Interest from 8/21/87 at 6% | $ 7,199.25 |
| | $27,335.64 |

/s/ James C. Blackman, Attorney
For New London Oil Company, Inc.

Judgment hereby entered per praecipe filed.

August 5, 1994: /s/ Susan Kosinski, Prothonotary

Ritterbusch does not contest the authentication of the documents filed by New London Oil, but argues that the August 5, 1994, entry by the prothonotary is not the judgment. He asserts that the decree *nisi* entered by the Pennsylvania court on August 21, 1987, became a final judgment when that court directed its prothonotary to enter a final decree on January 25, 1988, and that is the judgment to be registered.

Included with the "continuance docket" document, however, were the entries of the actions taken by the Pennsylvania court in the case. Those entries relevant to the judgment provided:

### DECREE NISI

AND NOW, to-wit, this 21st day of August, 1987, Defenants [sic] are awarded $20,136.39 against Plaintiff.

BY THE COURT:

ROBERT L. WOLFE, P.J.

. . . .

### FINAL DECREE

AND NOW, to-wit, this 4th day of December, 1987, the Plaintiff's post trial motion for jdugment [sic] non obstante verdicto and motion for new trial are denied.

BY THE COURT:

ROBERT L. WOLFE, P.J.

. . . .

### ORDER

AND NOW, to-wit, this 25th day of January, 1988, the Plaintiff's application for leave to appeal to the Superior Court in forma pauperis and the petition for waiver of supersedeas security are denied for the reason the Court has heretofore denied permissions to Plaintiff to proceed in forma pauperis during the course of the action for the reason the Court has consistently been of the opinion despite Plaintiff's plea of financial reverses, nonetheless Plaintiff has sufficient equity in assets to raise the cost of an appeal and pay court costs, especially since Plaintiff is proceeding pro se and has incurred no attorney fees and has been able to make numerous trips from his home state of Missouri to Pennsylvania for litigation.

The Prothonotary is directed to enter the court order of December 4, 1987, as a final judgment in favor of Defendants and against Plaintiff.

BY THE COURT:

ROBERT L. WOLFE, P.J.

January 25, 1988: AND NOW, this 25th day of January, 1988 pursuant to the Order of Court dated January 25th, 1988 the Order of December 4, 1987 is entered as a final judgment in favor of Defendants and against Plaintiff.

NORMA MILLS, Prothonotary

We conclude that these documents attested to by the prothonotary of Pennsylvania and the judge of the case were sufficient proof that a judgment had been entered against Ritterbusch in Pennsylvania. As this court recognized in a case dealing with a petition for registration of a Pennsylvania judgment:

The record of the entry of a judgment by the prothonotary under a power contained

in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict.... It imports absolute verity. The policy of the law will not permit the record of a court to be contradicted or impeached in a collateral proceeding. This principle is of almost universal application, and is too firmly established to admit of question.

*Strick Corporation v. Western Trailer Service, Inc.,* 766 S.W.2d 167, 168 (Mo.App.1989)(quoting *Kostenbader v. Kuebler,* 199 Pa. 246, 48 A. 972 (1901)). Ritterbusch's contention is without merit.

█ In his second point, Ritterbusch asserts that the circuit court erred in overruling his motion to vacate the registration of the foreign judgment because the registration was allegedly barred in Pennsylvania, and the circuit court should have employed the Pennsylvania statute of limitations, pursuant to § 516.190. This statute says, "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Section 516.190 has no application to this case. New London Oil registered its Pennsylvania judgment under the Uniform Enforcement of Foreign Judgments Act (UEFJA), which we have described as "an alternative, but not exclusive, method of enforcing a foreign judgment." *Foley v. Foley,* 641 S.W.2d 138, 142 (Mo.App.1982). The *Foley* court quoted with approval a Kansas court's characterization of the UEFJA as "not extinguish[ing] the judgment creditor's right to bring or file an action to enforce his foreign judgment in this state.... It is merely another method

available to the judgment creditor." *Id.* (quoting *Alexander Construction Company v. Weaver,* 3 Kan.App.2d 298, 594 P.2d 248, 250 (1979)). The *Foley* court concluded that § 511.760.2's[3] introductory clause ("On application made within the time allowed for bringing an action on a foreign judgment in this state") "makes clear that the statute of limitations of the forum state governs." *Id.* Accord *Walnut Grove Products, Division of W.R. Grace and Company v. Schnell,* 659 S.W.2d 6, 7 n. 1 (Mo.App.1983).

█ Hence, Missouri's 10–year statute of limitations in § 516.350, RSMo 1994,[4] applies, not Pennsylvania's statute of limitations. Because New London Oil registered pursuant to the UEFJA, § 511.760.2 supersedes the effect of § 516.190. We, therefore, reject Ritterbusch's contention that New London Oil's registry of its judgment was barred.

█ Finally, Ritterbusch contends that the circuit court abused its discretion by not holding a hearing on the motion to vacate the registration. Ritterbusch contends that a hearing should have been held to sanction New London Oil for its misrepresenting in its petition for registration and before the court when the judgment became final. We do not consider the point, however, because contrary to Rule 84.04(d), Ritterbusch cited no case law in support of this point relied on. He does refer us back to pages 8 through 11 of his brief for "the discussion of Pennsylvania statutes, court rules and case law," but even this "discussion" did not provide any support for imposing sanctions in a proceeding to register a foreign judgment.

We affirm the circuit court's judgment.

LOWENSTEIN, P.J., and HANNA, J., concur.

---

3. Pursuant to rule 41.02, Rule 74.14 supersedes all statutes and court rules inconsistent with it. Section 511.760.2 is not inconsistent with Rule 74.14.

4. Section 516.350.1 says, "Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, ... shall be presumed to be paid and

satisfied after the expiration of ten years from the date of the original rendition thereof, ... and after the expiration of ten years from the date of the original rendition ..., such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."