**Luck LEUNG, Appellant,**

v.

**Tuen FU, Respondent.**

**No. WD 68209.**

Missouri Court of Appeals, Western District.

Dec. 26, 2007.

Sheldon Bernstein, Kansas City, for Appellant.

Gary Michael Steinman, Gladstone, for Respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., JAMES E. WELSH, JJ.

JAMES M. SMART, JR., Judge.

Luck Leung appeals the judgment of the trial court sustaining Tuen Fu's motion to compel acknowledgement of satisfaction of a judgment entered in Clark County, Nevada. The judgment is affirmed.

## Background

Leung and Fu were a married couple. On October 1, 1984, the District Court of Clark County, Nevada (the "Nevada Court") dissolved their marriage. Prior to the dissolution, the couple owned a restaurant in Las Vegas, Nevada, which the Nevada Court deemed marital property. The Nevada Court decreed that each party was entitled to one half of the proceeds realized from the sale of the restaurant. Fu sold the restaurant for $15,000. The Nevada Court, therefore, awarded Leung $7,500 from the proceeds of the sale.

On November 22, 2005, Leung moved the Circuit Court of Clay County, Missouri, to register the $7,500 judgment pursuant to Rule 74.14.[1] On January 9, 2007, Fu moved the court to compel acknowledgment of satisfaction of the $7,500 judgment pursuant to Rule 74.11.[2] Fu claimed that according to section 516.350,[3] the judgment should be deemed satisfied because more than ten years has passed since the judgment was entered. The trial court agreed, and on February 21, 2007, it entered a judgment decreeing that the $7,500 judgment was satisfied. Leung now appeals.

## Discussion

■ As with any court tried case, we will uphold the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The parties do not dispute the facts in this case. The question is one of statutory interpretation. This is a question of law which we review *de novo*. *Blakely v. Blakely*, 83 S.W.3d 537, 540 (Mo. banc 2002).

■ Fu claims here, as he did before the trial court, that section 516.350 mandates that a judgment that is ten years old should be deemed presumptively satisfied. Section 516.350.1 states, in relevant part:

> Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or county ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof[.]

Because the final judgment was entered in the Nevada Court on March 20, 1991, more than ten years ago, Fu claims that the judgment is presumed to be paid and satisfied.

---

1. In relevant part, Rule 74.14 states:

   (b) Filing and Status of Foreign Judgments. A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the foreign *judgment in the same manner as a judgment* of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.

2. In relevant part, Rule 74.11 states:

   (c) Satisfaction of Judgment Entered by the Court. If a judgment creditor who has received satisfaction of a judgment fails to acknowledge such satisfaction immediately, any interested person may apply to the court where the judgment was entered for an order showing satisfaction.

3. All statutory references are to the Missouri Revised Statutes 2000.

Leung claims that when the judgment was registered in Missouri on November 5, 2005, it became a "new judgment" and the ten-year limitation period started over. She bases this argument on the language in the opinion in *Walnut Grove Products, Division of W.R. Grace & Co. v. Schnell,* 659 S.W.2d 6 (Mo.App.1983).

In *Walnut Grove,* the respondents had a judgment against the appellants that was rendered by the United States District Court for the Southern District of Iowa. *Id.* at 7. Respondents petitioned for registration of the foreign judgment in Missouri courts about eight years after the judgment was rendered. *Id.* The court found that when the foreign judgment was registered, it was revived, or became a new judgment in the Missouri courts. *Id.* Thus, the ten-year limitation period started running again. *Id.* However, in so finding, the court also noted that the ten-year limitation period did apply to foreign judgments sought to be enforced in Missouri. *Id.* at 7 n. 1.

The implication from the court's language was that if the foreign judgment that the respondents had sought to enforce was older than the ten-year limitation period, the registration would not have revived it. In other words, the judgment could be revived upon registration because it *was* less than ten years old and, so, did not conflict with the limitation period. The same cannot be said of the judgment in the present case, given that it was over ten years old when Leung sought to register it in Missouri. We conclude that *Walnut Grove* does not assist her in this case.

Leung fails to recognize that the plain language of Rule 74.14 defeats her contention:

> [T]he clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the *same effect* and is subject to the *same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of the circuit court of this state and may be enforced or satisfied in like manner.* [Emphasis added.]

We believe the language of Rule 74.14 makes clear an intent that the judgment be treated the same as though it had been entered in Missouri more than ten years ago.

Leung protests that the presumption of satisfaction after ten years, as applied in this case, would tend to conflict with section 511.760. She points to language in section 511.760.2, which states:

> On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction in such action.

She notes that no time limit is specified in 511.760.2. We see no conflict between this language and that of 516.350.1. The trial court did not preclude her judgment's *registration* in Missouri. A judgment presumably can be registered after ten years. For one thing, a judgment could be enforceable longer than ten years if there were a payment made on the record or a revival of the judgment within the ten years. However, section 516.350.1, says that "[e]very judgment ... of this *or any other state*" (emphasis added) shall be presumed "paid and satisfied" after ten years from the date of its rendition in the absence of revival or a payment on the record. The two statutes can be read to be in harmony. *See Cantwell v. Douglas County Clerk,* 988 S.W.2d 51, 55 (Mo.App. 1999) (statutes relating to the same subject are to be considered together and harmon-

ized if possible so as to give meaning to all provisions of each).

Section 516.350 clearly states that a judgment is conclusively presumed satisfied ten years after it is rendered unless a party revives the judgment or enters a payment upon the record. *Pirtle v. Cook*, 956 S.W.2d 235, 238 (Mo. banc 1997). Leung neither revived the judgment within the time period nor entered a payment upon the record. Accordingly, the judgment is conclusively presumed satisfied.

### Conclusion

For all of the foregoing reasons, the judgment is affirmed.

HARDWICK and WELSH, JJ., concur.