

# Missouri Court of Appeals

## Southern District

### Division One

TOLL BROTHERS AZ LIMITED  )
PARTNERSHIP, f/k/a EDMUNDS-TOLL  )
LIMITED PARTNERSHIP,  )
   )
and  )
   )
TOLL BROTHERS AZ CONSTRUCTION  )   Nos. SD36851 and SD36977
COMPANY, INC., f/k/a EDMUNDS-TOLL  )       Consolidated[1]
CONSTRUCTION COMPANY,  )   Filed:  July 21, 2021
   )
     Plaintiffs-Appellants,  )
   )
vs.  )
   )
   )
BRENT LANGBEHN,  )
and JENNIFER LANGBEHN,  )
   )
     Defendants-Respondents.  )

### APPEALS FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Peggy D. Richardson, Judge (SD36851)
Honorable Kenneth M. Hayden, Judge (SD36977)

## **AFFIRMED**

Toll Brothers AZ Limited Partnership, f/k/a Edmunds-Toll Limited Partnership and Toll

Brothers AZ Construction Company, Inc., f/k/a Edmunds-Toll Construction Company

(collectively "Toll Brothers") appeal from separate judgments sustaining motions to dismiss and

---

[1] These cases were consolidated for the purposes of this opinion.

quash execution of Toll Brothers' attempt to file a foreign judgment, filed by Brent and Jennifer Langbehn (collectively the "Langbehns"). Finding no merit to Toll Brothers' one point, we deny the same and affirm the judgments.

**Factual and Procedural History**

This consolidated appeal is the result of two judgments by two different judges, in two separate cases in the same county, regarding the same registration of a foreign judgment. These judgments were then the bases of three appeals, one of which was dismissed by this Court for lack of a final judgment. The two remaining appeals were being pursued simultaneously before being consolidated by this Court. For clarity, a history of these appeals is necessary.

On May 4, 2009, the Superior Court of the State of Arizona, in and for the County of Maricopa, entered judgment in favor of Toll Brothers and against the Langbehns, in Case No. CV2006-015265 (the "2009 Arizona Judgment"). The 2009 Arizona Judgment ordered the Langbehns, jointly and severally, to pay to Toll Brothers the total sum of $399,539.43, with interest to accrue at a rate of 12 percent per annum.

On February 23, 2010, Toll Brothers filed an "Application to File Foreign Judgment" in the Circuit Court of Camden County, Case No. 10CM-CC00050, for the purpose of registering the 2009 Arizona Judgment ("2010 Missouri Registration").

On April 7, 2014, Toll Brothers filed an "Affidavit for Renewal of Judgment" ("2014 Renewal Affidavit") in the Superior Court of the State of Arizona in and for the County of Maricopa, asserting that Toll Brothers had received a judgment against the Langbehns "in this Court on May 4, 2009, in the total sum of $314,059.74."[2] The Affidavit further asserted that the

---

[2] The briefing of the parties, and the May 4, 2009 judgment itself, indicate that the original amount of that judgment was $399,539.43. In Toll Brothers' Affidavit for Renewal of Judgment, Toll Brothers assert the original amount of the 2009 judgment was $314.057.74. There is no explanation in the record, or in the parties' briefing, for this discrepancy.

2

amount now owed "upon the Judgment" by the Langbehns to Toll Brothers, "after allowing all setoffs and counterclaims is $493,270.70."

On April 29, 2020, Toll Brothers filed a "Verified Petition for Registration of Foreign Judgment" in Camden County, Case No. 20CM-CC00104 (assigned to Judge Hayden), attaching as exhibits a copy of the 2009 Arizona Judgment and the 2014 Renewal Affidavit. Shortly thereafter, Toll Brothers filed an "Execution Application and Order."

On May 27, 2020, the Langbehns filed, in Case No. 20CM-CC00104 (Judge Hayden), a "Motion to Dismiss" the Verified Petition for Registration of Foreign Judgment, and a "Motion to Quash Execution Application and Order." The motions asserted that Toll Brothers failed to file a motion for revival of the 2009 Arizona Judgment within the required ten-year period and thus the statute of limitations barred entry of judgment in Missouri.

On July 9, 2020, in Case No. 20CM-CC00104, Judge Hayden heard argument on Langbehns' motions, sustained the same, and dismissed Toll Brothers petition without prejudice, by docket entry:

> RESP MOTION TO QUASH EXECUTION/RESP MOTION TO DISMISS CASE CALLED. ATTORNEYS FRANKLIN AND HARDWICK APPEAR. ARGUMENTS HEARD. RESPONDENTS MOTION TO DISMISS VERIFIED PETITION OF FOREIGN JUDGMENT SUSTAINED. PETITION DISMISSED WITHOUT PREJUDICE. KMH

On July 29, 2020, Toll Brothers filed a second "Verified Petition for Registration of Foreign Judgment" in Camden County, Case No. 20CM-CC00174 (assigned to Judge Richardson), attaching the same 2009 Arizona Judgment and the same 2014 Renewal Affidavit as exhibits. The next day, Toll Brothers filed a "Request for Execution/Garnish."

3

On August 10, 2020, the Langbehns, in Case No. CM-CC00174 (Judge Richardson), filed a second "Motion to Dismiss" and "Motion to Quash the Execution Application," again asserting that the statute of limitations barred this action.

On August 17, 2020, Toll Brothers filed a Notice of Appeal, No. SD36802, appealing Judge Hayden's July 9, 2020 purported judgment in Case No. 20CM-CC00104.

On August 20, 2020, Judge Richardson, in Case No. 20CM-CC00174, heard argument on the Langbehns motions, taking the motions under advisement.

On September 1, 2020, Judge Richardson sustained Langbehns' motions and entered judgment:

> DEFENDANTS' MOTION TO DISMISS AND MOTION TO QUASH PREVIOUSLY TAKEN UNDER ADVISEMENT IS NOW TAKEN UP AND CONSIDERED. IN ADDITION TO THE MOTIONS, ARGUMENTS, MEMORANDUMS AND CASE LAW CITED BY THE PARTIES, THE COURT DOES REVIEW AND TAKE JUDICIAL NOTICE OF CASE NO. 10CM-CC00050 AND CASE NO. 20CM-CC00104. DEFENDANTS' MOTION TO DISMISS PETITION FOR REGISTRATION OF FOREIGN JUDGMENT IS SUSTAINED. DEFENDANTS' MOTION TO QUASH ANY EXECUTION THEREON IS SUSTAINED. CAUSE DISMISSED.

On September 16, 2020, in Appeal No. SD36802, this Court issued Toll Brothers an "Order to show Cause" giving Toll Brothers until September 23, 2020, to file written suggestions why the appeal "should not be dismissed as an appeal that is not taken from a rule 74.01 'judgment.'"[3]

On September 22, 2020, Toll Brothers filed its "Written Suggestions Responding to Court's September 16, 2020 Show Cause Order and Motion for Leave to Perfect Trial Court Order." On September 23, 2020, this Court granted Toll Brothers an extension until October 14, 2020, to respond to this Court's September 16 Order.

---

[3] All rule references are to Missouri Court Rules (2020).

On October 9, 2020, Toll Brothers filed a "Motion to Denominate Order as Final Judgment" in Case No. 20CM-CC00104 (Judge Hayden). On the same day, Toll Brothers also filed a "Notice of Appeal," No. SD36851, appealing Judge Richardson's judgment of September 1, 2020, in Case No. 20CM-CC00174.

On November 2, 2020, this Court dismissed Appeal No. SD36802, for lack of a final judgment.

On November 5, 2020, Judge Hayden heard argument on Toll Brothers' motion to denominate order as final judgment in Case No. 20CM-CC00104.

On December 29, 2020, Judge Hayden entered a "Judgment":

> BE IT REMEMBERED that on July 09, 2020 this Court sustained Defendants Motion to Dismiss and Motion to Quash Execution. This Judgment is entered for the purpose of denominating that Order as a Final Judgment for purposes of appeal.

On February 2, 2021, Toll Brothers filed a "Notice of Appeal," No. SD36977, appealing Judge Hayden's December 29, 2020 judgment (Case No. 20CM-CC00104).

On July 2, 2021, this Court consolidated appeal Nos. SD36851 and SD36977, for purposes of this opinion.

Toll Brothers raises the same point relied on in both appeals:

I.  THE TRIAL COURT ERRED IN SUSTAINING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' REGISTRATION OF THE FOREIGN 2014 ARIZONA JUDGMENT BECAUSE THE TRIAL COURT FAILED TO AFFORD FULL FAITH CREDIT TO THE FOREIGN 2014 ARIZONA JUDGMENT, IN THAT SAID 2014 ARIZONA JUDGMENT WAS A NEW JUDGMENT CAPABLE OF REGISTRATION IN MISSOURI REGARDLESS OF ANY ACTIONS PREVIOUSLY TAKEN BY DEFENDANTS IN RELATION TO THE 2009 ARIZONA JUDGMENT.

**Standard of Review**

"Whether to register a foreign judgment and the propriety of the foreign judgment are legal conclusions that we review de novo." *Ramalingam v. Kumaresan*, 603 S.W.3d 323, 325 (Mo.App. E.D. 2020).

**Analysis**

Toll Brothers argue that the trial court erred in granting the Langbehns' motions to dismiss Toll Brothers' registration of the 2014 Renewal Affidavit. In support, Toll Brothers contend that the 2014 Renewal Affidavit "was a new judgment capable of registration in Missouri regardless of any actions previously taken by defendants in relation to the 2009 Arizona Judgment."

The plain language of section 511.760.3[4] requires that a party seeking to register a foreign judgment provide the authenticated history of the judgment that party seeks to register:

> A verified petition for registration ***shall set forth a copy of the judgment to be registered***, the date of its entry and the record of any subsequent entries affecting it, all authenticated in the manner authorized by the laws of the United States or of this state, and a prayer that the judgment be registered.

Section 511.760.3 (emphasis added).

Toll Brothers argue that

> [a]s evidenced by Plaintiffs' Verified Petition for Registration of the 2014 Arizona Judgment, an authenticated copy of the foreign judgment was duly attached to the Petition, ensuring compliance with Section 511.760.3. . . . Defendants presumed, without any citation to any legal authority—from Arizona or Missouri—that the registration of the 2014 Arizona Judgment was a continuation of the 2009 Arizona Judgment.[5]

---

[4] All references to statutes are to RSMo 2000, unless otherwise indicated.

[5] Significantly, the record reflects even the Toll Brothers' Affidavit for Renewal of Judgment attests that Toll Brothers had received a judgment against the Langbehns "in this court on May 4, 2009[,]" and that the amount now owed on *that* judgment was $493,270.70.

6

The certified and authentic copy of the renewal judgment, as designated in Toll Brothers' petitions for registration of foreign judgment, is the 2014 "Affidavit for Renewal of Judgment" from Arizona Case No. CV 2006-015265. Attached to that document is a certification by the Clerk of the Superior Court of Maricopa County attesting that:

> I . . . the duly elected Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa, having official custody of the Court's records, do hereby certify and attest the foregoing to be a full, true and correct copy of the original:

> AFFIDAVIT FOR RENEWAL OF JUDGMENT     Filed     04/07/20014

> on file and of record in my office, and I have carefully compared the same with the original, all of which I have caused to be authenticated according to the act of Congress (28, US, Sec. 1738) and the Arizona Rules of Evidence.

This does not, in any respect, comport with the argument premising Toll Brothers' appeal—*i.e.*, that the 2014 Renewal Affidavit is a "new judgment." Rather, the Maricopa County Clerk merely certifies that the copy of the Affidavit for Renewal of Judgment is the same as the original document that was filed in his office. At best, the 2014 Renewal Affidavit reflects a certificate of filing, but Toll Brothers wholly fail to demonstrate how this document must be considered a "new judgment."

The parties both agree that on February 23, 2010, Toll Brothers filed an Application to File Foreign Judgment in the Circuit Court of Camden County, in Case No. 10CM-CC00050, and registered their 2009 Arizona Judgment against the Langbehns. Thereafter, the Missouri ten-year statute of limitations on foreign judgments governed. *See* ***Walnut Grove Products v. Schnell***, 659 S.W.2d 6, 7 (Mo.App. W.D. 1983); ***Leung v. Fu***, 241 S.W.3d 838, 841 (Mo.App. W.D. 2007).

7

Toll Brothers failed to timely renew the 2010 Missouri Registration, and are therefore barred by section 511.370 from enforcing the 2009 Arizona Judgment.

Toll Brothers' point is denied. The judgments are affirmed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

JACK A. L. GOODMAN, J. - CONCURS